[Crim. No. 1903.  First Appellate District, Division Two.—October 27, 1936.]

THE PEOPLE, Respondent, v. EDGAR ROY GUMP, Appellant.

Nathan C. Coghlan for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

NOURSE, P. J.—The defendant was tried before a jury upon an information in three separate counts charging incest, rape, and a violation of the juvenile court law. He was found guilty on all three counts and sentenced to Folsom prison on the first and second and given a suspended county jail sentence on the third. He appeals from the judgment and from the order denying a new trial.

His first ground is the inherent improbability of the evidence of the prosecutrix. She had been living for many years with her father, her brother and her grandmother at the latter's home. She testified to an act of intercourse on August 31, 1935. She was then sixteen years old. A few days later she left her grandmother's home and went to work at a "speakeasy" operated by Mr. and Mrs. Esparza. The defendant, who was the father of the prosecutrix, objected to her association with these parties, and a fight followed, after which Mrs. Esparza persuaded the prosecutrix to make the charge to the authorities. This occurred in February, 1936, and this was the first complaint which the girl made to anyone about the alleged occurrence in August, 1935. When called as a witness she testified that these relations with her father began when she was ten years old and continued regularly until

she left the grandmother's home. On cross-examination she explained that she had not told her grandmother because she was afraid she would not believe her.

In his argument attacking the sufficiency of the evidence the appellant emphasizes the failure of the prosecutrix to make timely complaint of the alleged attack and also the complete lack of any corroborating evidence. Counsel frankly concedes that neither factor is essential to a conviction of the crime charged but he urges that they are persuasive evidence of the improbability of the story of the prosecutrix. There is much force in the argument that it is highly improbable that these relations could have existed for a period of six years without mention to anyone, and grave suspicion is cast upon the story when it is shown that it was only told after trouble had arisen between father and daughter over her relations with others. But these suspicions are not sufficient to support appellant's plea that the judgment should be set aside. The jury believed the testimony of the prosecutrix, and the trial judge was satisfied to let the verdict stand. We cannot say that the testimony is so inherently improbable that there is no evidence to support the verdict.

■ Appellant raises the additional point that he is made to suffer excessive punishment because he has been convicted three times of the same offense. There is no question as to the fact. All three counts of the information related to the same act which occurred on August 31, 1935. All the evidence tending to prove each of the three charges described but one act and one set of circumstances. The question thus raised is whether all three verdicts should stand, thereby designating appellant as one convicted of three criminal offenses within the terms of section 644 of the Penal Code defining "habitual criminals" and therefore not eligible for release on parole. The question becomes one of importance to appellant because of the admission at the trial of a prior conviction for which he served a term in the state penitentiary. If the appellant had been brought to trial before the effective date of the 1935 amendment to section 644 the question would have presented some merit, but, since his conviction was had while that section as amended was operative, the question is answered by the amendment itself. That section provides that one shall

be deemed an habitual criminal to be punished by imprisonment for life, without parole, who shall have been previously three times convicted "upon charges separately brought and tried, and who shall have served separate terms". These limitations clearly eliminate the appellant from the operation of the section as he was not separately tried on the several charges and could not serve separate terms because his sentences were made to run concurrently. On this inquiry we have assumed, as both parties to the appeal have assumed, that the provisions of section 644 apply to the offenses with which appellant was charged, though they are not so defined in the code section. No other statute has any application to this particular question. Section 954 of the Penal Code authorizes the state to charge in one information two or more offenses of the same class of crimes. Double jeopardy is not involved unless the party is sentenced to serve separate terms for the same offense. The information and the judgment are both within the terms of the statutes, and the point raised is, therefore, merely one of policy rather than one of error or lack of jurisdiction. The matter of policy involved in the various sentences is one which must be left with the trial court. There is no prejudicial error which would call for the intervention of an appellate court.

The judgment and order are affirmed.

Sturtevant, J., concurred.

Spence, J., concurred in the judgment