[Civ. No. 35343. Second Dist., Div. Three. July 21, 1970.]

VANGUARD INSURANCE COMPANY, Plaintiff and Appellant, v. HARTFORD INSURANCE COMPANY, Defendant and Respondent.

**COUNSEL**

Staitman & Snyder and Jack M. Staitman for Plaintiff and Appellant.

Shield & Smith and John B. Loomis for Defendant and Respondent.

**OPINION**

**SCHWEITZER, J.** — Appeal by plaintiff Vanguard Insurance Company from judgment in favor of defendant Hartford Insurance Company in an action for declaratory relief in which plaintiff sought to recover from defendant a pro rata share of a settlement made by plaintiff of a damage claim. The essential facts are not in dispute.

Hartford insured a Mr. and Mrs. Anderson under a "homeowners" policy which contained the following insuring clauses: "To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage, and the company shall defend any suit against the insured alleging such bodily injury or

property damage and seeking damages which are payable under the terms of this policy. . . .

"DEFINITION OF INSURED: The unqualified word 'Insured' includes (1) the Named Insured and (2) if residents of his household, his spouse, the relatives of either, and any other person under the age of twenty-one in the care of an Insured. . . ."

Arrangements had been made for David Myers, age 13, son of Mr. and Mrs. Myers, plaintiff's insureds, to spend the February 9 to February 12, 1968 weekend with the Andersons, Hartford's insureds, as their guest. On February 10, 1968, David, while riding a bicycle adjacent to the Anderson house, collided with a bicycle being operated by Frederick Grindle, which resulted in fatal injuries to Frederick. Plaintiff Vanguard, the Myers insurance carrier, subsequently settled the claim for damages filed by Frederick's parents on the basis that David was an "insured" under the Myers "homeowners" policy. By this action it seeks to recover from defendant Hartford, Anderson's insurer, a pro rata share of the settlement, contending that at the time of the accident, David was also an "insured" under the Anderson (Hartford) policy.

■ The trial court found that the language of the Hartford policy was not ambiguous and not uncertain, and concluded that under the "definition of insured" clause in the Anderson (Hartford) policy, a person under the age of 21 in the care of the Andersons must be a resident of the Anderson household to be included in that definition, and that the Anderson (Hartford) policy did not cover David "because he was not a resident of the Anderson household."

The "definition of insured" clause found in the Hartford policy is substantially the same as that set forth in "homeowners" insurance policies written by other insurance companies, including the Vanguard policy. It has been the subject of judicial interpretation on numerous occasions but apparently the instant question has never been the subject of a reported decision.

■ Rules for the construction of insurance policies, supported by the numerous authorities, are set forth in *Anderson* v. *State Farm Mut. Auto. Ins. Co.,* 270 Cal.App.2d 346, 349 [75 Cal.Rptr. 739]: "All uncertainties are to be resolved against the insurer. '. . . If semantically permissible, the contract will be given such construction as will fairly achieve its object of securing indemnity to the insured for the losses to which the insurance relates. . . .' [Citation.] At the same time we must not 'indulge in a forced

construction so as to fasten a liability on the insurance company which it has not assumed.' [Citations.]."

██ Vanguard contends that the policy is uncertain, that the uncertainty must be resolved against the insurer (Hartford). Vanguard points out that the trial court had the opportunity of construing the "definition of insured" clause so as to make the restrictive modifying words "[i]f residents of his household" applicable only to the spouse or relatives of the named insured, or in the alternative, to have the restrictive modifying words applicable to a person under the age of 21 in the care of an insured; that rather than apply an interpretation in favor of coverage, the trial court imposed a restrictive interpretation of the clause by applying the modifying language to "any other person under the age of 21 in the care of the insured," thereby eliminating David as an insured within the meaning of the Anderson (Hartford) policy. Vanguard argues that the sentence structure of the "definition of insured" clause shows that Hartford, in drafting its definition of "insured," separated the words "any other person under the age of 21 in the care of an insured" from the language "if residents of his household" by the use of a comma and the word "and"; that the use of the comma and the word "and" at this point rendered the phrase "any person under the age of 21 in the care of an insured" disjunctive from the qualifying modification which preceded this language in the clause, i.e., "if residents of his household."

We do not agree. The semantics and grammar of the "definition of insured" clause present no ambiguity in their application to the facts of this case. Only two major categories of "insured" are set forth, each with a numerical designation: first, the named insured, and second, residents of his household who fall within one of three classes. Vanguard seeks to establish a third major category for non-resident "persons under the age of 21 in the care of an Insured." If its contention were sound, the word "and" would not appear before the number (2), and a comma would have been inserted in lieu thereof; the word "and" would have been placed after the word "spouse," and the third category would have been numbered, the number "(3)" being inserted between the words "and any." Vanguard's contention requires us to torture and twist the plain language of the contract; this we cannot do. We therefore conclude that David Myers is an "insured" only if he was a resident of the Anderson household.

██ Residence connotes any place of abode of some permanency, more than a temporary sojourn. (*Smith* v. *Smith,* 45 Cal.2d 235, 239 [288 P.2d 497]; *Whittell* v. *Franchise Tax Board,* 231 Cal.App.2d 278, 284 [41 Cal.Rptr. 673]; 16 Cal.Jur.2d Rev., Domicile § 3.) ██ "The general rule is that the residence of the father during his life . . . is the resi-

dence of the unmarried minor child." (16 Cal.Jur.2d Rev., Domicile § 9.) The facts clearly support the conclusion that David Myers was not a resident of the Anderson household.

Judgment affirmed.

Cobey, Acting P. J., and Allport, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 24, 1970.