[Crim. No. 31390. Second Dist., Div. Five. Aug. 24, 1978.]

THE PEOPLE, Plaintiff and Respondent, v.
THORNTON CHARLES THOMAS, Defendant and Appellant.

**COUNSEL**

Paul N. Halvonik, State Public Defender, under appointment by the Court of Appeal, Charles M. Sevilla, Chief Assistant State Public Defender, and Janice L. Feinstein, Deputy State Public Defender, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, William R. Pounders and Carol Slater Frederick, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**STEPHENS, J.**—This appeal follows sentence for violations of (1) Penal Code section 211 (robbery); the court also found that defendant used a firearm (pistol) within the meaning of Penal Code section 12022.5; and (2) a violation of Penal Code section 245, subdivision (a) (assault by means of force likely to produce great bodily injury and with deadly weapon). Credit was given for time in custody.

There is but one issue.[1] Must the finding that the robbery was in the first degree be stricken and robbery in the second degree be substituted therefor because the judge failed to set the degree before passing sentence? The answer is in the affirmative.

There is no conflict as to the facts. An armed robbery was committed by defendant and the victim injured by being struck on the head with the butt of a pistol.

At the conclusion of the evidence on April 18, 1977, the court stated: "I find each of the defendants guilty of the offenses charged in Counts I and III; not guilty of the offense charged in Count II. I find that the allegations that each of the defendants used a firearm within the meaning of Penal Code Section 12022.5 to be true."

On June 7, 1977, at time of sentencing, the court stated: "Probation is denied. Defendant is sentenced to State Prison for the term prescribed by law. [¶] The terms for each count are to be concurrent with each other."[2]

On July 13, 1977, an ex parte order was entered ordering that the June 7, 1977, sentence be amended "by adding the following: Count I—the allegation pursuant to section 12022.5 PC found true 4-18-77; the degree is fixed at first."

The respondent argues that the court's finding as to the use allegation manifests a finding that the defendant had committed armed robbery and therefore the crime is robbery of the first degree. This argument requires that a finding of degree is implied since it was not

---

[1]It is conceded that the Indeterminate Sentencing Act is applicable to this sentence.

[2]The abstract of judgment entered on June 7, 1977, states that the court found the crime in count I to be robbery of the first degree, although no such finding was made in the court's oral findings. The clerk's minutes of that same date makes no reference to a finding as to degree.

expressed as such. Penal Code sections 1192 and 1157 require that the degree must be determined. (*In re Harris* (1967) 67 Cal.2d 876, 881 [64 Cal.Rptr. 319, 434 P.2d 615]. See also *People* v. *Stephenson* (1974) 10 Cal.3d 52, 56 [111 Cal.Rptr. 556, 517 P.2d 820].) The finding of use within the meaning of section 12022.5 of the Penal Code increases the sentence whether the primary crime was robbery of the first or second degree.[3] Following the dictates of *People* v. *Flores* (1974) 12 Cal.3d 85, 95 [115 Cal.Rptr. 225, 524 P.2d 353], and *People* v. *Beamon* (1973) 8 Cal.3d 625, 629 [105 Cal.Rptr. 681, 504 P.2d 905], we conclude that there may not be an *implied* finding of first degree in the instant case and the failure to specifically find requires the conviction to be of robbery of the second degree.[4]

The order of July 13, 1977, was of no effect for it sought to correct a judicial and not a clerical error. (See *In re Candelario* (1970) 3 Cal.3d 702, 706 [91 Cal.Rptr. 497, 477 P.2d 729].)

The fact that a judge, as distinguished from a jury, returns the verdict is of no moment. The degree is established in either instance at the time the verdict is entered in the minutes. The code is clear as to the effect of a finding of degree at the return of the verdict.

" '[B]enefits accrue to the defendant when the *trier of fact* fails to specify the degree of the crime.' " (*People* v. *Hunt* (1977) 19 Cal.3d 888,

---

[3]Section 12022.5 states, in part, as follows:

"Any person who uses a firearm in the commission or attempted commission of a robbery, assault with a deadly weapon, murder, assault with intent to commit murder, rape, burglary, or kidnapping, upon conviction of such crime, shall, in addition to the punishment prescribed for the crime of which he has been convicted, be punished by imprisonment in the state prison for a period of not less than five years. Such additional period of imprisonment shall commence upon expiration or other termination of the sentence imposed for the crime of which he is convicted and shall not run concurrently with such sentence.

". . . . . . . . . . . . . .

"This section shall apply even in those cases where the use of a weapon is an element of the offense." (Applicable during the period herein involved. Amended eff. July 1, 1977.)

[4]Penal Code section 1157 reads as follows: "Whenever a defendant is convicted of a crime which is distinguished into degrees, the jury, or the court if a jury trial is waived, must find the degree of the crime of which he is guilty. Upon the failure of the jury or the court to so determine, the degree of the crime of which the defendant is guilty, shall be deemed to be of the lesser degree."

Penal Code section 1192 reads as follows: "Upon a plea of guilty, or upon conviction by the court without a jury, of a crime distinguished or divided into degrees, the court must, *before passing sentence,* determine the degree. Upon the failure of the court to so determine, the degree of the crime of which the defendant is guilty, shall be deemed to be of the lesser degree." (Italics added.)

895 [140 Cal.Rptr. 651, 568 P.2d 376], quoting *In re Candelario, supra,* 3 Cal.3d 702, 706. Italics in original.)

In conformity with *People* v. *Beamon, supra,* 8 Cal.3d 625, the comment during argument on the day of sentencing, June 7, was not made as a judicial finding mandating that the robbery be in the first degree. The court at that time stated: "It was a robbery. It was an armed robbery. There were injuries, and [defendant] disclosed, in the commission of the offense, the willingness to kill people." This statement, unless taken out of context, was not intended as a statement of degree. Nor was it expressed at the time of rendering the conviction on April 18. Even if the court could have specifically expressed itself as to the degree on June 7, it did not do so. The expression above set forth does not constitute a statement of degree as required by sections 1157 and 1192, other than by implication, and that is impermissible.

The judgment is reversed insofar as it sets the crime of robbery in the first degree. The superior court is directed to correct its record to show the conviction of robbery, count I, to be in the second degree. In all other respects, the judgment is affirmed.

Kaus, P. J., concurred.

**ASHBY, J.**—I reluctantly concur with the result. This is another case in which we are required to exalt form over substance.

Penal Code section 211a[1] provides: "All robbery which is perpetrated by torture or by a person being armed with a dangerous or deadly weapon . . . is robbery in the first degree. . . ."

In pronouncing judgment the trial court stated, "I find each of the defendants guilty of the offenses charged in Counts I [robbery] and III . . . . I find that the allegations that each of the defendants used a firearm within the meaning of Penal Code Section 12022.5 to be true."

Although it seems clear that the trial court unmistakably intended to find appellant guilty of first degree robbery,[2] we are required to reduce

[1]Amended subsequent to defendant's conviction and sentencing, effective July 1, 1977.

[2]It should be noted that the trial court on July 13 in an ex parte order amended the June 7 sentencing order by adding the following: "The order of 6-7-77 is amended by

appellant's conviction to second degree robbery under the compulsion of *People* v. *Beamon,* 8 Cal.3d 625 [105 Cal.Rptr. 681, 504 P.2d 905], which considered this issue in footnote 2 on page 629.

---

adding the following: Count I—the allegation pursuant to Section 12022.5 PC found true 4-18-77; the degree is fixed at first."