[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1602 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1603 
OPINION
Defendant Paris Lamont Jackson was convicted after a bench trial of second degree robbery (Pen. Code, § 211).[1] The trial court also found five prior serious felony conviction allegations to be true within the meaning of section 667, subdivision (a)(1), and sentenced him to 30 years to life in state prison (25 years to life for the robbery (as a "three-strike" offender) plus one consecutive five-year enhancement for one prior serious felony conviction). The court imposed and then stayed execution on the four remaining five-year enhancements.
Defendant's sole contention on appeal is that because his five prior serious felony convictions were not "brought and tried separately" within the meaning of section 667, subdivision (a)(1), the trial court improperly found four of the five prior serious felony conviction allegations to be true. We disagree and affirm the judgment.
 FACTUAL AND PROCEDURAL BACKGROUND
We dispense with a detailed recitation of the underlying facts as they are unnecessary to the resolution of this appeal. Suffice it to say that defendant and another individual robbed the Citibank in Manteca, fled in a Ford Excursion with over $1,000, some in marked "bait money," and were stopped and arrested minutes later, along with two others in the vehicle, as the SUV attempted to merge onto Highway 99. Officers of the Manteca Police Department pulled the vehicle over after witnessing handfuls of the marked bills being thrown out of the windows of the SUV.
Defendant was charged in an amended information with one count of second degree robbery. The information also alleged that defendant had suffered five prior "strike" convictions within the meaning i of California's "Three Strikes" law and five prior serious felony convictions within the *Page 1604 
meaning of section 667, subdivision (a)(1). Defendant pled not guilty and denied the special allegations. Following a bench trial, the court found defendant guilty of robbery. The court also found the five prior serious felony conviction allegations to be true, and sentenced him to 30 years to life in state prison (25 years to life for the robbery (as a "three-strike" offender) plus one consecutive five-year enhancement for one prior serious felony conviction). The court imposed and then stayed execution on the four remaining five-year enhancements.
 DISCUSSION
On appeal, defendant claims that because his five prior serious felony convictions were not "brought and tried separately" within the meaning of section 667, subdivision (a)(1), the trial court improperly found four of the five prior serious felony conviction allegations to be true. We disagree.
 A. Additional Background
All five of the prior serious felony convictions alleged in the information and found true by the trial court arose from a single criminal prosecution in Alameda County in 1997. In that case, defendant and another individual (Tommy Johnson) were jointly charged in an information filed February 11, 1997, in connection with two robberies at two separate U-Haul locations. Defendant was charged with one count of robbery and three counts of assault with a deadly weapon occurring at a U-Haul location in Oakland; defendant and Johnson were jointly charged with two counts of robbery, three counts of assault with a firearm, one count of reckless driving while evading a peace officer, and two counts of assault with a deadly weapon occurring the following day at a U-Haul location in Berkeley.
Defendant entered into an unusual negotiated plea agreement with the prosecution whereby defendant pled no contest to the robbery count arising from the robbery of the Oakland U-Haul location in exchange for dismissal of the three counts of assault with a deadly weapon also arising from that incident and the striking of an allegation of personal use of a firearm attached to the robbery charge. Defendant also agreed not to present a defense to the charges arising from the robbery of the Berkeley U-Haul location in exchange for a maximum term of imprisonment of seven years on all counts.
On April 8, 1997, the court was informed of the negotiated plea arrangement and accepted defendant's plea of no contest to the first robbery count.[2] *Page 1605 
On April 21, 1997, the court was informed that defendant would be withdrawing his previous plea of not guilty to the charges arising from the robbery of the Berkeley U-Haul location and entering a plea of no contest to two counts of robbery and three counts of assault with a firearm in exchange for dismissal of the remaining counts. On June 27, 1997, defendant was sentenced to the agreed-upon seven years in state prison.
B. Analysis
Section 667, subdivision (a)(1), provides in relevant part: "[A]ny person convicted of a serious felony who previously has been convicted of a serious felony . . . shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately." (Italics added.) Case law has interpreted this provision to require that a "5-year consecutive enhancement must be imposed for each prior conviction on charges brought and tried separately. [Citations.]" (3 Witkin, Cal. Criminal Law (3d ed. 2000) Punishment, § 340, p. 439, italics omitted 
added; see People v. Turner (1998) 67 Cal.App.4th 1258, 1269 [79 Cal.Rptr.2d 740] (Turner) ["When the truth of the allegation of conviction of a crime qualifying for a five-year enhancement has been established, it is mandatory that the enhancement be imposed? (italics added)]; People v. Jordan (2006) 141 Cal.App.4th 309, 319 [45 Cal.Rptr.3d 719] (Jordan); see also § 1385, subd. (b) ["This section does not authorize a judge to strike any prior conviction of a serious felony for purposes of enhancement of a sentence under Section 667."].) *Page 1606 
 1. Section 667, Subdivision (a)(1), Prohibited Defendant from Receiving More Than One Five-year Enhancement Because His Prior Convictions Were Not on "Charges Brought and Tried Separately."
Our Supreme Court held in In re Harris (1989) 49 Cal.3d 131, 136 [260 Cal.Rptr. 288, 775 P.2d 1057] (Harris), that "the requirement in section 667 that the predicate charges must have been `brought and tried separately' demands that the underlying proceedings must have been formally distinct, from filing to adjudication of guilt." There, Harris was given two five-year enhancements under section 667, subdivision (a)(1), for two prior robbery convictions despite the fact that both robbery charges were leveled against him in a single complaint. (Harris,supra, at p. 134.) Holding that Harris was subject to only one such enhancement, as these charges were not brought separately, the court vacated Harris's sentence and remanded for resentencing. (Id. at p. 137.)
As we explained in People v. Deay (1987) 194 Cal.App.3d 280, 286 [239 Cal.Rptr. 406] (Deay): "The phrase `charges brought and tried' leaves no room for construction — it means to have formally brought an accused to account by means of complaint, information or indictment, and to then have adjudicated the accused's guilt or not. Charges brought and tried `separately' for purposes of section 667 means simply that prior formal proceedings leading to multiple adjudications of guilt must have been totally separate. [Citation.]" There, Deay was given two five-year enhancements under section 667, subdivision (a)(1), for two prior burglary convictions despite the fact that both burglary convictions arose from a single proceeding. (Deay, supra, at p. 286.) We concluded: "[A]s both prior convictions . . . were adjudicated in the same criminal proceeding, they were not `on charges brought and tried separately' within the meaning of section 667, subdivision (a), and imposing a separate enhancement for each was error." (Deay, supra, at p. 290.)
In this case, there is no dispute that the five prior serious felony convictions arising from the U-Haul robberies were leveled against defendant in a single complaint and adjudicated in the same proceeding. The parties agree that because these charges were not "brought and tried separately" defendant may only receive one enhancement under section 667, subdivision (a)(1). The parties also agree that defendant will only be required to serve one such enhancement, as the trial court stayed sentence on the four remaining enhancement allegations found to be true. The fight on appeal concerns what *Page 1607 
it means for a defendant to be subject to one prior serious felony enhancement under section 667, subdivision (a)(1), where several serious felony convictions were charged and tried together.
 2. The Trial Court Appropriately Imposed and Then Stayed the Four Remaining Five-year Enhancements Under Section 667, Subdivision (a)(1).
Defendant contends the requirement that the prior serious felony charges were brought and tried separately is an element of the enhancement, and that where, as here, the charges were not brought and tried separately, the trial court is required to find only one such allegation to be true and impose and execute the five-year enhancement for that single allegation. The Attorney General disagrees, arguing the requirement that the charges were brought and tried separately merely restricts the number of five-year terms to be served rather than the number of allegations the trial court may find to be true. We agree with the Attorney General.
"By definition, a sentence enhancement is `an additional term of imprisonment added to the base term.'" (Robert L. v. Superior Court
(2003) 30 Cal.4th 894, 898 [135 Cal.Rptr.2d 30, 69 P.3d 951].) Section 667, subdivision (a)(1), provides for a "5-year consecutive enhancement [that] must be imposed for each prior conviction on charges brought and tried separately. [Citations.]" (3 Witkin, Cal. Criminal Law, supra, § 340, p. 439, italics omitted added; see Turner, supra,67 Cal.App.4th at p. 1269; Jordan, supra, 141 Cal.App.4th at p. 319.)
In People v. Gonzalez (2008) 43 Cal.4th 1118 [77 Cal.Rptr.3d 569,184 P.3d 702] (Gonzalez), our Supreme Court explained the meaning of the word "impose" as it applies to sentence enhancements: "[I]t is important to understand that the word `impose' applies to enhancements that are `imposed and then executed' as well as ones that are `imposed and thenstayed. However, as a practical matter, the word "impose" is often employed as shorthand to refer to the first situation, while the word "stay" often refers to the latter.' [Citation.]" (Id. at p. 1125, original italics.) Gonzalez involved multiple firearm enhancements. The issue was "whether, after a trial court imposes punishment for the section 12022.53 firearm enhancement with the longest term of imprisonment [as required by the statute], the remaining section 12022.53 firearm enhancements and any section 12022.5 firearm enhancements that were found true for the same crime must be stayed or stricken." (Gonzalez, supra, at pp. 1122-1123.)
The court held that the appropriate procedure is to impose the remaining enhancements and then stay their execution. (Gonzalez, supra, *Page 1608 43 Cal.4th at p. 1123.) In so holding, the court reversed a decision of this court in which we concluded that the remaining firearm enhancements, as well as their findings, must be stricken, rather than imposed and then stayed. (Id. at p. 1124.) Section 12022.53 provides for "escalating additional and consecutive penalties, beyond that imposed for the substantive crime, for use of a firearm in the commission of specified felonies. . . ." (Gonzalez, supra, at p. 1124.) Subdivision (f) of section 12022.53 requires the court to "impose" the enhancement that provides for the longest term of imprisonment, but further provides that only "`one additional term of imprisonment under this section shall be imposed per person for each crime.'" (Gonzalez, supra, at p. 1125, italics omitted.) Subdivision (f) further provides that a firearm enhancement specified in section 12022.5 "`shall not be imposed on a person in addition to an enhancement imposed pursuant to this section.'" (Gonzalez, supra, at p. 1125, italics omitted.) We concluded that because only the enhancement with the longest term of imprisonment may be "imposed" under section 12022.53, it was error to impose and then stay the remaining enhancements; such enhancements should have been stricken.
By doing so, we erroneously "interpreted the word `imposed' in that portion of subdivision (f) as encompassing both meanings of `impose,' namely, impose and then execute, as well as impose and then stay."(Gonzalez, supra, 43 Cal.4th at p. 1126, original italics.) As our Supreme Court explained, section 12022.53, subdivision (f) "directs that only one enhancement may be imposed and then executed per person for each crime, and allows a trial court to impose and then stay all other prohibited enhancements." (43 Cal.4th at p. 1127, original italics.)
This interpretation harmonizes the meaning of the word "impose" as used throughout the statute, as well as with rule 4.447 of the California Rules of Court, which provides: "No finding of an enhancement may be stricken or dismissed because imposition of the term either is prohibited by law or exceeds limitations on the imposition of multiple enhancements. The sentencing judge must impose sentence for the aggregate term of imprisonment computed without reference to those prohibitions and limitations, and must thereupon stay execution of so much of the term as is prohibited or exceeds the applicable limit. . . ." (Cal. Rules of Court, rule 4.447.) The court further explained that a contrary interpretation would disserve the public policy behind firearm enhancement statutes "by making it more difficult, if not impossible, to impose and execute the term of imprisonment for an initially prohibited firearm enhancement in the event the section 12022.53 enhancement with the longest term of imprisonment is invalidated on appeal." (Gonzalez,supra, 43 Cal.4th at p. 1128.) *Page 1609 
While there are no published decisions setting forth the proper procedure for dealing with prohibited enhancements under section 667, subdivision (a)(1), the reasoning of Gonzalez is persuasive. Under section 667, subdivision (a)(1), a five-year enhancement must be imposed for each prior serious felony conviction on charges brought and tried separately. The reverse is also true: a five-year enhancement may not be imposed for prior serious felony convictions that were either brought or tried together. (Harris, supra, 49 Cal.3d at p. 136; Deay, supra, 194 Cal.App.3d at p. 286.) As the Supreme Court did in Gonzalez, we interpret "impose" to mean impose and then execute, as opposed to impose and then stay. Consequently, where a defendant has suffered several prior serious felony convictions on charges brought and tried separately, the trial court must impose and then execute a five-year enhancement for each such conviction. (See People v. Askey (1996) 49 Cal.App.4th 381, 389
[56 Cal.Rptr.2d 782] [trial court erroneously stayed five-year enhancement under § 667, subd. (a)(1)].) Conversely, where, as here, a defendant has suffered five prior serious felony convictions, only one of which was brought and tried separately, the trial court must impose andthen execute a five-year enhancement for one of the convictions, and may not impose and then execute five-year enhancements for the remaining four convictions. However, as the trial court lacks discretion to strike the remaining allegations of prior serious felony convictions under section 1385 (see § 1385, subd. (b)), the appropriate course of action is toimpose and then stay the remaining four enhancements. This is precisely what the trial court did in this case.
As was true in Gonzalez, this interpretation harmonizes section 667, subdivision (a)(1), with rule 4.447 of the California Rules of Court, which specifically directs the trial courts to impose and stay execution (as opposed to striking or dismissing) on enhancements where "imposition of the term either is prohibited by law or exceeds limitations on the imposition of multiple enhancements." (Cal. Rules of Court, rule 4.447.) This interpretation also serves the public policy behind section 667, which is to provide longer prison sentences for those repeat offenders who commit serious felonies. In the event that the serious felony conviction which served as the basis for an executed five-year enhancement is invalidated on appeal, one of the remaining enhancements that have been imposed and stayed can be executed in its place. (SeeGonzalez, supra, 43 Cal.4th at p. 1128.) *Page 1610 
 DISPOSITION
The judgment is affirmed.
Raye, J., and Butz, J., concurred.
[1] All further statutory references are to the Penal Code unless otherwise indicated.
[2] Defendant's counsel: "In effect, the trial with respect to my client will be a slow plea. My client was made an offer in municipal court at the preliminary hearing stage, which he was willing to take at that time and remains willing to take now. [¶] He does not wish to proceed to trial in this matter. [¶] However, it is a codefendant case, and he has no option but to participate in the trial, because the codefendant does not wish to resolve the case, [¶] In light of that, the following arrangement has been made with the district attorney after discussion, [¶] My client today will be entering a plea of no contest to count one. He will not be sentenced until after the completion of the trial. Count one is with respect to October 28[.] . . . [¶] . . . The remaining counts with respect to that event will be dismissed, [¶] . . . [¶] My client will be going to trial on the remaining counts along with [codefendant]. [¶] For [defendant], that trial will, in effect, be a slow plea. [¶] We will not be offering a defense. We will not be participating in the trial in any traditional sense, [¶] The agreement is so long as . . . [defendant] abides by that agreement, as long as we do not proffer a defense or participate in the trial or in any way violate the agreement, at the conclusion of the trial where it is anticipated he will be convicted, and the slow plea will have been completed when the sentencing phase is reached, the district attorney will abide by the seven year offer and be asking the court to sentence him to the seven years to which he had been previously offered and unable to take."
 *Page 1