Filed 1/13/16  P. v. Campos CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062327 |
| v. | (Super.Ct.No. RIF1303345) |
| GERARDO ENRIQUE CAMPOS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Michael B. Donner, Judge.  Affirmed.

Buckley & Buckley, and Christian C. Buckley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, and Peter Quon, Jr., Randall D. Einhorn, and Alan L. Amann, Deputy Attorneys General, for Plaintiff and Respondent.

1

Following a jury trial, defendant and appellant Gerardo Enrique Campos was convicted of first degree burglary (Pen. Code,[1] § 459). In a bifurcated proceeding, he admitted having served five prior prison terms (§ 667.5, subd. (b)). Defendant was sentenced to state prison for a total term of 11 years. On appeal, he contends his conviction must be reduced to second degree burglary. We affirm.

## I. FACTS

On July 10, 2013, Jonathan Pointer and his adult son, Jonathan William, lived in a Jurupa Valley single-family home. During the afternoon while they were gone, someone burglarized their home. Their home surveillance video showed the person who committed the offense. Both Pointer and his son identified defendant as the person in the video and someone from the local area.

## II. DISCUSSION

Defendant challenges the verdict forms for failing to allow the jury to determine whether the burglary was first or second degree. We reject his challenge.

**A. Additional Background.**

The information charged defendant with residential burglary as follows: "The District Attorney of the County of Riverside hereby accuses GERARDO ENRIQUEZ CAMPOS of a violation of Penal Code section 459, a felony, in that on or about July 10, 2013, in the County of Riverside, State of California, he did wilfully and unlawfully enter a certain building, *to wit, an inhabited dwelling house*, located at 5944 DE LA VISTA,

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

JURUPA VALLEY, with intent to commit theft and a felony." (Original capitalization; italics added.) The jury was instructed on burglary, including first and second degree burglary. (CALCRIM No. 1700 [Burglary (Pen. Code, § 459)], No. 1701 [Burglary: Degrees (Pen. Code, § 460)].) Only two verdict forms were provided. One form allowed for a finding that defendant was guilty of burglary in the first degree as charged in the information, and the other allowed the jury to find defendant not guilty of burglary as charged in the information.

**B. Analysis.**

Section 1157 states: "Whenever a defendant is convicted of a crime or attempt to commit a crime which is distinguished into degrees, the jury, or the court if a jury trial is waived, must find the degree of the crime or attempted crime of which he is guilty. Upon the failure of the jury or the court to so determine, the degree of the crime or attempted crime of which the defendant is guilty, shall be deemed to be of the lesser degree." The jury herein returned the following verdict: "We, the jury in the above-entitled action, find the defendant, GERARDO ENRIQUEZ CAMPOS, **guilty** of a violation of section 459 of the Penal Code, BURGLARY, as charged under count 1 of the information, and fix the degree as Burglary in the first degree." (Original boldface.)

Defendant relies on *People v. McDonald* (1984) 37 Cal.3d 351 (*McDonald*), overruled in part by *People v. Mendoza* (2000) 23 Cal.4th 896, 914, to support his contention that his conviction should be reduced to second degree burglary because the verdict forms as drafted prevented the jury from making the required determination of degree. In *McDonald*, the court held that the jury's failure to specify the degree of

3

murder in its verdict rendered defendant's conviction one of second degree murder by operation of section 1157, and the determination of degree could not be inferred from the fact that the jury was instructed solely on first degree murder or from the jury's separate finding the special circumstance allegation was true, where the jury was instructed to determine whether the special circumstance was true only if it found defendant guilty of first degree murder. (*McDonald*, *supra*, at pp. 380-383.)

*McDonald* is distinguishable. Considering the facts and procedural context of this case, there was no reason for the jury to determine the degree of the charged burglary. (*People v. Goodwin* (1988) 202 Cal.App.3d 940, 945-946.) The information charged defendant with a first degree residential burglary. Defendant argued there was no issue on first or second degree. While the trial court erroneously instructed the jury on the first and second degree burglary, it also instructed that "[s]ome of these instructions may not apply," and that the jury should not "assume just because [the court] give[s] a particular instruction that [it is] suggesting anything about the facts." Ordinarily, we may presume that jurors follow that instruction. (*People v. Hovarter* (2008) 44 Cal.4th 983, 1005.)

Moreover, section 1157 is inapplicable because the verdict forms did not find defendant guilty simply of burglary without any indication of the degree. (§ 460 ["Every burglary of an inhabited dwelling house . . . or the inhabited portion of any other building, is burglary of the first degree."]; *People v. Deay* (1987) 194 Cal.App.3d 280, 284 [There is "no practical difference between burglary of an inhabited dwelling house and residential burglary"].) The degree was specified, preventing the jury from determining the degree of the burglary. Nonetheless, such assumption of first degree

4

does not warrant a reduction to second degree burglary. Here, the verdict forms accurately reflect the charging allegations, the evidence at trial, and the defense's concession in closing argument: "Now, the only issue in this case is who is that guy in the video, okay? There is no . . . issue of intent and was there a theft, did he cross the boundary line of the property. We're not talking about the degree, is it a first degree or second degree, the first approach, second approach, third approach. None of that really matters, right? The only thing that matters is, is this the guy? That's it. That's the issue." Since it was conceded that there was no issue of degree and the verdict forms correctly referred to the information, which described "an inhabited dwelling house" and identified the offense as burglary in the first degree, the jury's sole task was to determine whether defendant was the perpetrator.

### III. DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
Acting P. J.

We concur:

MCKINSTER
J.

CODRINGTON
J.

5