Donald Alan **MILLER**, Petitioner–
Appellant,

v.

James **ROWLAND**, et al., Respondents–
Appellees.

No. 92–15875.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 13, 1993.

Decided July 8, 1993.

Jeffrey L. Staniels, Chief Asst. Federal Defender, Sacramento, CA, for petitioner-appellant.

Joan W. Cavanagh, Supervising Deputy Atty. Gen., Sacramento, CA, for respondents-appellees.

Before: BROWNING, CHOY and CANBY, Circuit Judges.

PER CURIAM:

Donald Miller, a California prisoner serving an indeterminate life sentence for conspiracy to commit murder, appeals the denial of his petition for writ of habeas corpus. He claims his due process and contract clause rights were violated by the California Department of Correction's refusal to grant him work credits pursuant to Cal.Penal Code § 2933.

## I.

Until May 1983, Miller earned credits at the rate of one day of credit for every two days of good behavior or participation in certain "work, educational, vocational, therapeutic or other prison activities." Cal.Penal Code § 2931. Under § 2931, Miller's term of confinement could be reduced by as much as one third. In 1982, the California legislature adopted a new system for awarding credits to prisoners sentenced after January 1, 1983. Under the new system, prisoners may earn one day of credit for each day of participation in work assignments or educational programs, thus reducing their term of confinement by as much as one half. *See* Cal.Penal Code § 2933. For prisoners sentenced before 1983, the legislature provided that "a prisoner subject to the provisions of Section 2931 may waive the right to receive time credits as provided in Section 2931 and be subject to the provisions of Section 2933." Cal.Penal Code § 2934. In May 1983, Miller signed an "irrevocable" waiver giving up his right to earn § 2931 credits for the chance to earn credits under § 2933.

In 1987, the California Attorney General issued Opinion No. 86–1102, which concluded § 2933 credits are not available to inmates like Miller who are serving indeterminate life sentences under Cal.Penal Code § 190.[1] The Department of Corrections informed Miller he could no longer earn § 2933 credits and henceforth could receive only § 2931 credits. Corrections officials also informed inmates they would receive § 2931 rather than

---

1. Section 190 provides that "[e]very person guilty of murder in the first degree shall suffer death, confinement in state prison for life without possibility of parole, or confinement in the state prison for a term of 25 years to life." Miller claims the fact that he is guilty of conspiracy to murder compels a different interpretation of § 190 than the interpretation given that statute in cases involving murderers. However, under Cal.Penal Code § 182(a)(6), conspiracy to commit murder is punishable under § 190 as if it were first degree murder. The issue in this case is not which of the two crimes Miller committed, but the meaning of § 190, under which persons convicted of either crime are to be sentenced. In the absence of any contrary suggestion by the California courts, we decline to give a separate meaning to the language of § 190 when it is applied pursuant to § 182(a)(6) to persons convicted of conspiracy to murder.

§ 2933 credits for the work they had already completed. In *In re Monigold,* 205 Cal. App.3d 1224, 253 Cal.Rptr. 120 (4th Dist. 1988), the California Court of Appeal affirmed the Attorney General's decision that § 2933 credits were not available to prisoners serving indeterminate life sentences, but held such inmates were entitled, under an equitable estoppel theory, to the § 2933 credits they had already earned.

Miller has received credits under § 2931 for good behavior up to June 1983, § 2933 credits for worktime between June 1983 and February 1989 (when the mandate issued in *Monigold*), and § 2931 credits for his good behavior since February 1989.

After an unsuccessful state habeas petition, Miller filed this petition under 28 U.S.C. § 2254, claiming his due process and contract clause rights were violated when the state refused to comply with the terms of the § 2934 waiver, which Miller asserts is a binding and "irrevocable" contract. The district court denied the petition.

## II.

■ The state contends Miller failed to exhaust his contract clause claim. In his pro se petition for review in the California Supreme Court, Miller argued his "waiver contract with the State entitling him to continued receipt of worktime credits is a valid, enforceable contract which by its own terms cannot be revoked, certainly not unilaterally, and is in full force. The State's refusal to abide by its terms and the State's unilateral revocation of same violates due process." The court denied review. Although "the California Supreme Court's denial of a habeas petition without comment or citation constitute[s] a decision on the merits of the federal claims," *Hunter v. Aispuro,* 982 F.2d 344, 347 (9th Cir.1992), we must determine whether Miller's due process claim that the § 2934 waiver is a binding contract "fairly presented" the contract clause issue.

A federal claim "is fairly presented [to the state courts] if the petitioner has described the operative facts and legal theory on which his claim is based. A habeas petitioner may, however, reformulate somewhat the claims made in state court; exhaustion requires only that the substance of the federal claim be fairly presented." *Tamapua v. Shimoda,* 796 F.2d 261, 262 (9th Cir.1986) (citation omitted); *see also Picard v. Connor,* 404 U.S. 270, 277, 92 S.Ct. 509, 513, 30 L.Ed.2d 438 (1971) (claim is exhausted if " 'the ultimate question for disposition' will be the same despite variations in the legal theory or factual allegations urged in its support") (citation omitted). Although Miller characterized his claim as a due process claim, we conclude his contract clause claim was fairly presented as well since the ultimate question for disposition under both claims is the validity and effect of the § 2934 waiver agreement. *See also Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 175, 66 L.Ed.2d 163 (1980) (federal courts have a duty to construe pro se pleadings liberally).[2]

## III.

■ We review de novo the district court's decision to deny Miller's petition for a writ of habeas corpus; "[t]o the extent it is necessary to review findings of fact, the clearly erroneous standard applies." *Thomas v. Brewer,* 923 F.2d 1361, 1364 (9th Cir.1991).

### A. *The Contract Clause Claim.*

■ Miller argues the § 2934 waiver was a valid and enforceable contract that bound both him and the state. The attorney general's opinion and *In re Monigold* establish as a matter of California law that Miller is not eligible for § 2933 credits. The Department of Corrections was therefore not authorized to contract with Miller for such credits. *See also In re Diaz,* 13 Cal.App. 4th 1755, 17 Cal.Rptr.2d 395 (6th Dist.1993) (discussing

---

**2.** The state also contends Miller has not exhausted his contract clause claim because the California Court of Appeal ruled Miller's petition was procedurally defective due to a pleading deficiency that he could have corrected. We need not consider this argument because the state failed to pursue it in the district court. *Granberry v.*

*Greer,* 481 U.S. 129, 107 S.Ct. 1671, 95 L.Ed.2d 119 (1987). In any event, the Court of Appeal cited the alleged pleading defect only as a ground for denying Miller relief under an equitable estoppel theory, and not as a basis for refusing to reach the merits of Miller's claims.

**392**

■■■■■■■■■■■■■■■■■■

*Monigold* ); *In re Oluwa*, 207 Cal.App.3d 439, 255 Cal.Rptr. 35 (2d Dist.1989) (discussing the relationship between § 190 and § 2933).[3] "[N]o contractual obligation may be enforced against a public agency unless it appears the agency was authorized by the Constitution or statute to incur the obligation; a contract entered into by a governmental entity without the requisite constitutional or statutory authority is void and unenforceable." *Air Quality Products, Inc. v. California*, 96 Cal.App.3d 340, 349, 157 Cal. Rptr. 791 (1979); *see also* 1 Witkin, *Summary of California Law: Contracts* § 77, at 111 (1987). Since the waiver agreement is void and unenforceable by either party, Miller's contract clause claim is without merit.

### B. *The Due Process Claim.*

■ Miller has already received credits for his earlier participation in the § 2933 program, but claims the plain language of the statute and the terms of the § 2934 waiver agreement give him a liberty interest in continuing to earn work credits. We ruled in *Toussaint v. McCarthy*, 801 F.2d 1080, 1094–95 (9th Cir.1986), that § 2933 does not create a liberty interest in eligibility for work credits where an inmate has not engaged in work that would entitle him to such credits. *See also Kalka v. Vasquez*, 867 F.2d 546, 547 (9th Cir.1989) (prisoner does not have liberty interest in § 2933 credits during period he was available for work but was not given any work to do). We have also determined the § 2934 waiver agreement is void and unenforceable under California law; accordingly that agreement cannot serve as the basis for a liberty interest in future work credits.

Affirmed.

---

**3.** We need not defer to the Attorney General's opinion and the decisions of the California Court of Appeal if their interpretation of California law is "untenable or amounts to a subterfuge to avoid federal review of a constitutional violation." *Taylor v. Kincheloe*, 920 F.2d 599, 609 (9th Cir. 1990) (citations and internal quotation marks omitted); *see also Ward v. Love County*, 253 U.S.

17, 22, 40 S.Ct. 419, 421, 64 L.Ed. 751 (1920). Although Miller advances several arguments against the state court's interpretation of §§ 2933 & 2934, the court's rulings are straightforward and reasonable. Miller's arguments for a different reading are not cognizable in federal habeas review. *See Jackson v. Ylst*, 921 F.2d 882, 885 (9th Cir.1990).