28 F.3d 107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joseph W. McBRIDE, Petitioner-Appellant,
v.
Manfred MAASS, Superintendent, Oregon State Penitentiary,
Respondent-Appellee.
 No. 93-35269.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 6, 1994.
Decided June 13, 1994.
 
 Before: ALARCON, NORRIS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 A state prisoner asks us to reverse the district court's dismissal of his habeas corpus petition. The court concluded that his federal habeas corpus petition was barred because he procedurally defaulted in state court. We reverse.
 
 ANALYSIS
 
 3
 In a pro se habeas petition, Joseph W. McBride (McBride) argues that his Oregon state conviction was obtained by violating his rights to remain silent and to an attorney, and by prosecutorial misconduct. He argues that the police officers who questioned him were improperly permitted to testify at his trial that he asked for an attorney during the questioning. He also argues that the prosecutor improperly argued that McBride's request for an attorney was evidence of McBride's guilt. The district court dismissed the petition, holding that McBride had procedurally defaulted in state court.
 
 
 4
 McBride was convicted of first degree murder and sentenced to life imprisonment. He appealed his conviction to the Oregon Court of Appeals which affirmed without opinion. His attorney refused to file a petition for direct review with the Oregon Supreme Court because the attorney thought the court would deny review. Excerpts of Record (ER) 7. The superintendent argues that McBride's failure to present his claim to the highest state court constitutes a procedural default. See Hughes v. Idaho State Bd. of Correction, 800 F.2d 905, 906 (9th Cir.1986). He argues that McBride procedurally defaulted in failing timely to present his case to the Oregon Supreme Court. Coleman v. Thompson, 501 U.S. 722, ---- n. 1 (1991). Generally, a petitioner must show cause and prejudice for his procedural default before a federal court will entertain his habeas corpus petition. Id. at ----.
 
 
 5
 However, any procedural default is cured if the most recent reasoned state court decision reached the merits of the issue presented in the federal habeas petition. Ylst v. Nunnemaker, 111 S.Ct. 2590, 2593 (1991). McBride filed a pro se petition for post-conviction relief in Oregon state court, claiming ineffective assistance of trial and appellate counsel. While he did not include in his petition for state post conviction relief the claims he makes in his federal habeas petition, he included at least one of them in his memorandum in support of his state petition. He said "[f]or a Prosecutor to tell the jury, that Petitioner had used his right to remain silent, and wanted to talk with an attorney, only because he was overcome with guilt, is a clear violation of Petitioner's Constitutional Rights." Respondent's Exhibit (ER) 106 at 13. We have a duty to construe pro se pleadings liberally. Hughes v. Rowe, 449 U.S. 5, 9 (1980); see also Miller v. Rowland, 999 F.2d 389, 391 (9th Cir.1993). We hold that McBride sufficiently raised the issue of prosecutorial misconduct.
 
 
 6
 The memorandum also mentions the police officers' testimony. "[The officers] testified ... that Petitioner asked for an attorney to be present[.]" ER 106 at 9-10. "Petitioner was told by [one officer], 'We told him that (wanting an attorney) was fine and that he'd get to talk to a lawyer, but that he was not going to do much for [McBride's girlfriend who was also a suspect]. He was told that he was chicken shit to leave his old lady holding the bag['].... [The other officer] testified that Petitioner requested an attorney to be present. [That officer] testified that, during his questioning, Petitioner, 'indicated he didn't want to talk to me without an attorney being present.' " ER 106 at 12.
 
 
 7
 The post conviction court reached the merits of McBride's petition. Although it did not mention the specific claims on which McBride relies in his federal habeas petition, it rendered a decision on the merits. The post-conviction court concluded "[p]etitioner was not denied any rights under the United States Constitution or the Oregon Constitution such that he would [sic] entitled to post-conviction relief." ER 111 at 3.
 
 
 8
 McBride appealed this judgment to the Oregon Court of Appeals which affirmed without opinion. The Oregon Supreme Court denied his petition for review. State courts of appeal which affirm a lower court's opinion without explanation are presumed to adopt the reasoning of the lower court. Ylst, 111 S.Ct. at 2594; Acosta-Huerta v. Estelle, 7 F.3d 139, 141 (9th Cir.1993). Oregon's highest court ignored the claimed procedural bar and denied relief on the merits. The judgment of the district court is REVERSED and the case REMANDED for decision on the merits.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3