[No. D021274. Fourth Dist., Div. One. Apr. 18, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHN THOMAS BRADY, Defendant and Appellant

**COUNSEL**

Russell S. Babcock, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Robert Foster and David Delgado-Rucci, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

HUFFMAN, J.—In this case we deal with the narrow issue of whether the "total term of imprisonment imposed" upon John Thomas Brady also includes the one year imposed for the prior prison term he admitted he had served for purposes of calculating the amount of credits he can now be awarded while sentenced to prison pursuant to the newly enacted "three strikes" law. (See Pen. Code,[1] § 667, subds. (b)-(i), specifically (c)(5).)[2] We conclude that it does.

---

[1] All statutory references are to the Penal Code unless otherwise specified.

[2] By way of urgency legislation, section 667 was amended effective March 7, 1994, to add subdivisions (b) through (i) relating to increased punishment for those convicted felons who

## BACKGROUND

On June 1, 1994, Brady pleaded guilty to the unlawful taking and driving of Jennifer Koslow's vehicle (Veh. Code, § 10851, subd. (a)) on April 11, 1994.[3] He also admitted he had suffered an earlier serious felony conviction (armed robbery, §§ 211/12022.5) that qualified as a "strike" under the "three strikes" statute (§ 667, subds. (d), (e)(1)) and had served a prior prison term. (§ 667.5, subd. (b).) Brady stipulated to a total five-year term consisting of a four-year term for the current charge (based on doubling the middle term of two years under § 667, subd. (e)(1))[4] and an additional one year for the prison prior. On the prosecutor's motion the trial court dismissed a charge of receiving stolen property (§ 496, subd. (a)) and another prison prior. (§ 667.5, subd. (b).)

Brady waived the right to a probation report and was immediately sentenced pursuant to his agreement.[5] Afterwards, Brady personally addressed the court, stating: "I am just curious. When you sentenced me to the mid term of two years and doubled it to four, I've got to do 80 percent of that. Is that right?" When the court answered affirmatively, Brady questioned whether the "year for the prison prior" falls under the same 80 percent rule.

The prosecutor and the court were of the opinion Brady would serve "80 percent of any of the total term." In response to Brady's counsel's belief the

have suffered one or more earlier violent or serious felony convictions, as defined in sections 667.5, subdivision (c) and 1192.7, subdivision (c), respectively. (Stats. 1994, ch. 12, p. 56.)

As pertinent to this appeal, subdivision (c)(5) of section 667 provides in part: "Notwithstanding any other law, if a defendant has been convicted of a felony and it has been pled and proved that the defendant has one or more prior felony convictions as defined in subdivision (d), the court shall adhere to each of the following: [¶] . . . [¶] (5) The total amount of credits awarded pursuant to Article 2.5 (commencing with Section 2930) of Chapter 7 of Title 1 of Part 3 shall not exceed one-fifth of the total term of imprisonment imposed and shall not accrue until the defendant is physically placed in the state prison."

[3]On November 8, 1994, section 1170.12 was enacted by the voters' passage of Proposition 184. (Added by initiative measure Prop. 184, § 1, operative if approved Nov. 8, 1994.) Except for different section number and subdivision lettering, the substantive provisions of section 1170.12 are the same as those earlier added by the "three strikes" legislation. Because Brady's crime was committed after the March 7, 1994, changes to section 667 but before the addition of section 1170.12, we apply the pertinent provisions of section 667 in this case.

[4]Section 667, subdivision (e) provides in part: "For purposes of subdivisions (b) to (i), inclusive, and in addition to any other enhancement or punishment provisions which may apply, the following shall apply where a defendant has a prior felony conviction: [¶] (1) If a defendant has one prior felony conviction that has been pled and proved, the determinate term . . . shall be twice the term otherwise provided as punishment for the current felony conviction."

[5]Although section 667, subdivision (g) prohibits use of prior convictions in plea bargaining, no argument is made that this provision has been violated in this case. The trial court did not strike Brady's prior serious felony, but rather used it as the basis to sentence under section 667, subdivision (e)(1).

law was unclear in that regard, because the one year could not be doubled (defense counsel thus thought the "50 percent would apply"), the court stated: "Well, the way the law is written and there hasn't been any kind of interpretation of it, that it can be interpreted both ways. I think to be on the safe side—I think that the best for you is to keep on top of it and after the four years has been served if there is any question still remaining as to how your year should be completed [as] to your good time credits[,] that should be brought up to the department of corrections."

On June 3, 1994, Brady filed a notice of appeal that stated it was "based on the sentence or other matters occurring after the plea."

## DISCUSSION

Brady appeals,[6] contending the trial court erred in ordering him to serve 80 percent of his prior prison term in addition to the term it imposed under the "three strikes" statute. The gist of his arguments is that a correct interpretation of the words "the total term of imprisonment imposed" in section 667, subdivision (c)(5) does not include application of the "80 percent" rule, which changes the credits certain recidivist prisoners may earn towards reducing their terms of imprisonment, to an enhancement not mentioned in section 667, i.e., a nonviolent or nonserious prior conviction enhancement. He specifically argues proper statutory construction reveals the Legislature did not intend by its enactment of section 667, subdivision (c)(5) to "entirely dismantle section 2931," but rather to leave prisoners, like him, the option of reducing that portion of their terms for nonserious and nonviolent felony convictions via "good behavior and willingness to work."[7] He thus asserts the application of section 667, subdivision (c)(5) to his

---

[6]Brady does not challenge the total length of his prison sentence or complain of sentencing error other than claiming the trial court improperly ordered him to serve "80 percent" of his total term. Our reading of the sentencing transcript reveals the court did not explicitly order Brady to do so, but merely gave him an opinion of what prison time he would be serving.

However, because the matter is fully briefed, without objection by the People on grounds Brady's claim is premature or that he failed to exhaust his administrative remedies before the Department of Corrections, and the legal issue is of statewide importance to the bench and bar, particularly for defense counsel in advising defendants about the consequences of the new "three strikes" law, in the interests of justice and judicial economy we address the merits of the issue. We construe the court's imposition of sentence under section 667, based on Brady's "status" of having one "strike" against him, to impliedly include an order requiring prison credits be limited by the "80 percent" rule contained in subdivision (c)(5) of section 667 and address the merits of this appeal. (See *In re Diaz* (1993) 13 Cal.App.4th 1755, 1759 [17 Cal.Rptr.2d 395]; *People* v. *Young* (1991) 228 Cal.App.3d 171, 179 [278 Cal.Rptr. 784]; *Anderson* v. *Superior Court* (1989) 213 Cal.App.3d 1321, 1328 [262 Cal.Rptr. 405]; *In re Huffman* (1986) 42 Cal.3d 552, 554-555 [229 Cal.Rptr. 789, 724 P.2d 475].)

[7]Although both parties are correct section 2931 has not been repealed by the new legislation, contrary to Brady's assertion it is applicable to him, and the People's position it would

one-year enhancement violates the prohibition against ex post facto laws by decreasing the amount of credits he may earn and denies him his constitutional right to due process because the new "three strikes" law failed to give him notice "computation of good time credits would not apply to an enhancement for a prison prior. . . ."

We conclude the trial court did not err in stating the "80 percent" rule of section 667, subdivision (c)(5) would apply to Brady's one-year prison prior enhancement since that enhancement was included within his "total term," and no ex post facto or due process violation is shown by such application.

I

### *"Total Term of Imprisonment Imposed"*

Brady's assertions the specific language "the total term of imprisonment imposed" contained in section 667, subdivision (c)(5), does not include his one-year enhancement for his prison prior (or any other nonviolent or nonserious prior felony conviction enhancement) and is somehow ambiguous simply ignore the plain language of that section, the intent of the Legislature in enacting that section, and the entire sentencing scheme of which that section is a part.

As noted earlier, section 667, subdivision (c)(5) provides: "Notwithstanding any other law, if a defendant has been convicted of a felony and it has been pled and proved that the defendant has one or more prior felony convictions as defined in subdivision (d), the court shall adhere to each of the following: [¶] . . . [¶] (5) The total amount of credits awarded pursuant to Article 2.5 (commencing with Section 2930) of Chapter 7 of Title 1 of Part 3 shall not exceed one-fifth of *the total term of imprisonment imposed* and shall not accrue until the defendant is physically placed in the state prison." (Italics added.)

---

apply to defendants not sentenced under a "strike," subdivision (d) of 2931 provides that section does not apply to "any person whose crime was committed on or after January 1, 1983."

We presume Brady, whose crime was committed in April of 1994, and the People, meant to refer to section 2933, which at the time of Brady's appeal provided for "worktime credits" earned (for up to 50 percent of a prison term) through various programs (see *In re Ramirez* (1985) 39 Cal.3d 931, 936 [218 Cal.Rptr. 324, 705 P.2d 897]; 3 Witkin & Epstein, Cal. Criminal Law (2d ed. 1989) Punishment For Crime, § 1558, pp. 1861-1862), and which Brady would have been entitled to earn credits under but for his status under section 667, subd. (e).

Brady has not contested his qualifying repeat offender status under the "three strikes" statute nor raised any equal protection issues on this appeal. (See *People* v. *Culpepper\** (Cal.App.); *People* v. *Caruso* (1984) 161 Cal.App.3d 13, 20-21 [207 Cal.Rptr. 221]; *In re Bender* (1983) 149 Cal.App.3d 380, 386-390 [196 Cal.Rptr. 801].)

\*Reporter's Note: Opinion (A066016) deleted upon direction of Supreme Court by order dated May 18, 1995.

By its plain language, this subdivision pertains only to a repeat offender, and requires prison credits not be awarded in an amount exceeding "one-fifth of the total term of imprisonment imposed." In other words, a section 667 recidivist prisoner, such as Brady, cannot earn more than 20 percent of his total time of imprisonment in conduct credits, requiring him to serve at least 80 percent of his total sentence.

Contrary to Brady's arguments, section 667, subdivision (c)(5) does not exist in a vacuum. It was enacted by the Legislature to amend an existing statute within the determinate sentencing law (DSL). In so doing, the Legislature is deemed to have been aware of the DSL and the sections it was amending, as well as the related regulatory scheme contained in Judicial Council rules on sentencing. (See *People* v. *Hall* (1994) 8 Cal.4th 950, 961 [35 Cal.Rptr.2d 432, 883 P.2d 974].)

The basic provisions of the DSL state that when a defendant is convicted of a felony and imprisonment is to be imposed, the trial court must apply the sentencing rules of the Judicial Council to select a term[8] from among the lower, middle or upper term that is prescibed by statute for that offense and to impose any other term "which is required by law to [be imposed] as an additional term." (See § 1170, subds. (a), (b).) Section 1170.1, subdivision (d) requires "the [trial] court [to] also impose the additional terms provided in . . . Sections 667, . . . [and] 667.5, . . . unless the additional punishment therefor is stricken . . . ." Further, when imprisonment is based on two or more felonies, the total or "aggregate term of imprisonment for all these convictions shall be the sum of the principal term,[9] the subordinate term, and any additional term imposed pursuant to Section 667, 667.5 . . . ."[10] (§ 1170.1, subd. (a).)

From these basic provisions it is clear that enhancements, such as Brady's prior prison enhancement under section 667.5, subdivision (b), are included as part of a defendant's total prison sentence or term imposed. (See *People* v. *Tassell*, *supra*, 36 Cal.3d at pp. 90-91; *People* v. *Carter* (1980) 104 Cal.App.3d 370, 372 [163 Cal.Rptr. 475].) The addition of amended section 667 does not change these primary sentencing rules.

Given this existing sentencing scheme of which the "three strikes" legislation is a part and the clear words of section 667, subdivision (c)(5), we

---

[8]California Rules of Court, rule 405(b) defines this term as a "base term."

[9]The principal term "consists of the greatest term imposed including the enhancements which attach to that particular offense . . . ." (*People* v. *Mustafaa* (1994) 22 Cal.App.4th 1305, 1310 [28 Cal.Rptr.2d 172].)

[10]Our Supreme Court has noted this additional term that is added is "the final step in computing the total sentence." (*People* v. *Tassell* (1984) 36 Cal.3d 77, 90 [201 Cal.Rptr. 567, 679 P.2d 1], fn. omitted, overruled on other grounds in *People* v. *Ewoldt* (1994) 7 Cal.4th 380, 401 [27 Cal.Rptr.2d 646, 867 P.2d 757].)

interpret the language "total term of imprisonment imposed" in that subdivision as meaning exactly what it says, i.e., that the total or entire term of imprisonment, or the aggregate term imposed, which includes any enhancements, whether mentioned in section 667 or not, is subject to the new credits limitations for persons who fall under the "three strikes" law.[11]

This interpretation comports with the express legislative intent stated for the enactment of the new "three strikes" law since the inclusion of all enhancements within the definition of "total term" will help ensure "longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of serious and/or violent felony offenses." (§ 667, subd. (b).)

Our interpretation is also supported by common sense, by dictionary meanings,[12] and by the usage of the phrase "total term" in the abstract of judgment forms, which are filed in a criminal case and also sent to the Department of Corrections, showing the computation of total time to be served by a prisoner for his crimes and enhancements together.

We thus conclude the Legislature reasonably intended to include enhancements such as Brady's prior prison term enhancement within the phrase "total term of imprisonment imposed" for purposes of limiting prison credits.

II

*Ex Post Facto and Due Process*

Brady's constitutional claims the new statute did not give him fair notice his one-year enhancement could be included within the definition of "total term" imposed under section 667, subdivision (c)(5) and that such inclusion also constitutes an ex post facto violation are likewise without merit.

Although the imposition of punishment which, after commission of a crime, is increased or somehow made more onerous violates the ex post

---

[11]Brady's reliance on the fact the one-year enhancement could not be doubled under subdivision (e)(1) of section 667 to support his premise the enhancement cannot be included in subdivision (c)(5) is nonsensical. Subdivision (e)(1) merely prescibes the increased determinate term for persons such as Brady in the case presently being sentenced. (§ 667, subd. (e).) Such term is "in addition to any other enhancement or punishment provisions which may apply . . . ." (§ 667, subd. (e).) Thus, as applied to Brady, this subsection merely requires his one-year enhancement be imposed in addition to the doubling of the term for the instant crime. Subsequently, both terms are included in the "total term" for purposes of awarding credits under section 667, subdivision (c)(5).

[12]The American Heritage Dictionary (new college ed. 1981) defines "total" at page 1357 as "n. 1. The amount or quality obtained by addition; a sum. 2. A whole quantity; an entirety. . . ."

facto clause of both the United States and California Constitutions (U.S. Const., art. I, § 10, cl. 1; Cal. Const., art. I, § 9), " '[i]ncreased penalties for subsequent offenses . . . attributable to the defendant's status as a repeat offender . . . arise as an incident of the subsequent offense rather than constituting a penalty for the prior offense. [Citations.]' " do not. (*People* v. *Weaver* (1984) 161 Cal.App.3d 119, 124 [207 Cal.Rptr. 419], quoting *In re Foss* (1974) 10 Cal.3d 910, 922 [112 Cal.Rptr. 649, 519 P.2d 1073].)[13]

At the time Brady committed his vehicle theft, section 667, subdivision (c)(5) was in full force and effect. Such gave him notice that he would be treated more severely since he committed a new felony and had previously been convicted of a serious felony. That such "status" would subject him to subsection (c)(5)'s credit limits was clearly spelled out. No due process or ex post facto violation can be shown.

## DISPOSITION

The judgment is affirmed.

Work, P. J., and Benke, J., concurred.

A petition for a rehearing was denied May 2, 1995, and appellant's petition for review by the Supreme Court was denied July 13, 1995.

---

[13]Our conclusion is in accord with that recently published by the Second Appellate District, Division Five, in *People* v. *Hatcher* (1995) 33 Cal.App.4th 1526 [39 Cal.Rptr.2d 801], which held the ex post facto clauses of the state and federal Constitutions are not violated by application of the enhancing provisions of section 667, subdivisions (b)-(i) to cases involving substantive crimes committed after March 7, 1994.