Filed 11/8/13  P. v. Pulido CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B247715 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA026301) |
| v. | |
| VICTOR PULIDO, | |
| Defendant and Appellant. | |

THE COURT:[*]

Defendant Victor Pulido appeals following the February 26, 2013 denial of his petition to recall his sentence under Penal Code section 1170.126.[1] Defendant is currently serving a sentence of 50 years to life plus 10 years.

We appointed counsel to represent defendant on this appeal.  On June 10, 2013, counsel filed an "opening brief" in which she stated that she had failed to find any arguable issues.  On June 11, 2013, we informed defendant that he had 30 days in which to file a supplemental brief containing any issues he wished this

---

[*]     BOREN, P. J ., CHAVEZ, J., FERNS, J.†

†     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

[1]     All further references to statutes are to the Penal Code unless otherwise stated.

court to consider. On July 3, 2013, we granted defendant an extension of time. On July 22, 2013, defendant filed a supplemental brief in which he argues that the two strike priors that were used to sentence him as a three-strike defendant constituted a breach of contract.

The record shows that, on March 12, 1997, defendant was convicted of six counts of residential burglary. The transcript of defendant's sentencing hearing reveals that he had been found to have two strikes for two prior convictions of first degree burglary, which were also serious felonies within the meaning of section 667, subdivision (a). The record contains no reporter's transcript or clerk's transcript from defendant's previous trials, plea proceedings, or sentencing proceedings regarding the two strike convictions, which occurred in 1991 and 1993.

With respect to the 1997 burglaries, the trial court sentenced defendant to consecutive sentences of 25 years to life on each of two burglary counts and 10 consecutive years for the two enhancements under section 667, subdivision (a). In the remaining four burglary counts, the trial court struck one of defendant's prior strike convictions and imposed determinate sentences, which were stayed. This court affirmed the judgment on February 13, 1998, in case No. B113344 (unpublished opinion).

Defendant cites *People v. Jerry Z.* (2011) 201 Cal.App.4th 296, review granted March 14, 2012, S199289, for the proposition that deeming his two prior convictions as strikes constituted a breach of contract. Since review has been granted, that case is no longer good law.[2] Defendant asserts that at the time of the

_____

[2]      In *People v. Jerry Z.*, the defendant claimed that, as part of his plea bargain, he was promised that he would no longer be required to register as a sex offender under section 290.5 if he successfully completed probation and committed no additional crimes for a period of 10 years. He stated he was promised that he would be permitted to withdraw his plea, have the charges dismissed under section 1203.4, and obtain a certificate of rehabilitation under section 4852.01 et seq. Under a factual situation greatly different from defendant's, and in consideration

two "pleadings/deals" his "understanding of law to accept the deals, inherently implied, was that any future enhancement under [section] 667 would be of five or one year; adding a strike to the pleas modified significantly the bargain, rendering his present sentence unconstitutional."

Assuming defendant's prior convictions were obtained as a result of a plea bargain, defendant's claim fails. The Supreme Court recently addressed the issue of whether "the law in effect at the time of a plea agreement binds the parties, or (b) that the terms of a plea agreement may be affected by changes in law." (*Doe v. Harris* (2013) 57 Cal.4th 64, 66 (*Doe*).) The Supreme Court cited with approval the rule set forth in *People v. Gipson* (2004) 117 Cal.App.4th 1065 (*Gipson*), in which the Court applied a retroactive change in recidivism sentencing under the Three Strikes law despite the existence of a plea agreement under prior law. According to *Gipson*, "'When persons enter into a contract or transaction creating a relationship infused with a substantial public interest, subject to plenary control by the state, such contract or transaction is deemed to incorporate and contemplate not only the existing law but the reserve power of the state to amend the law or enact additional laws for the public good and in pursuance of public policy . . . .'" (*Doe*, *supra*, at p. 70, quoting *In re Marriage of Walton* (1972) 28 Cal.App.3d 108, 112; see *Gipson*, *supra*, at p. 1070.)

*Doe* further stated, "*Gipson* explains that the parties to a plea agreement— an agreement unquestionably infused with a substantial public interest and subject to the plenary control of the state—are deemed to know and understand that the state, again subject to the limitations imposed by the federal and state Constitutions, may enact laws that will affect the consequences attending the conviction entered upon the plea." (*Doe*, *supra*, at p. 70.) In addition, "prosecutorial and judicial silence on the possibility the Legislature might amend a

of statutory requirements not relevant in defendant's case, the reviewing court granted Jerry Z. the relief he requested. (*People v. Jerry Z.*, *supra*, 201 Cal.App.4th at pp. 309, 313, 328, review granted March 14, 2012, S199289.)

3

statutory consequence of a conviction should not ordinarily be interpreted to be an implied promise that the defendant will not be subject to the amended law." (*Id.* at p. 71.)

The court in *Doe* noted that, "it is not impossible the parties to a particular plea bargain might affirmatively agree or implicitly understand the consequences of a plea will remain fixed despite amendments to the relevant law." This inquiry, however, "presents factual issues that generally require an analysis of the representations made and other circumstances specific to the individual case." (*Doe*, *supra*, 57 Cal.4th at p. 71.) As we have stated, the record contains no facts regarding the prior proceedings in which defendant was convicted of the strike offenses.

Accordingly, as in *Gipson*, "[t]he 1994 amendment to section 667 did not affect [defendant's] plea bargain; it did not create or destroy any substantive rights defendant had in the plea bargain. Subsequent to the plea bargain, the Legislature amended the law; defendant committed another crime; defendant became subject to the penalty described in the amended statute. The increased penalty in the current case had nothing to do with the previous case except that the existence of the previous case brought defendant within the description of persons eligible for" an enhanced sentence under the Three Strikes law. (*Gipson*, *supra*, 117 Cal.App.4th at p. 1070.)

Moreover, although defendant's 1991 and 1993 strike convictions were sustained before implementation of the Three Strikes law, courts have consistently held that utilizing such a prior conviction to sentence under the Three Strikes law does not violate due process and ex post facto considerations. (See, e.g., *People v. Gray* (1998) 66 Cal.App.4th 973, 995; *People v. Brady* (1995) 34 Cal.App.4th 65, 71–72.)

4

We have examined the entire record, and we are satisfied that defendant's attorney has fully complied with her responsibilities and that no arguable issues exist.  (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

The order denying defendant's petition is affirmed.