Filed 6/2/15  P. v. Williams CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B261615 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA043629) |
| v. | |
| STEVEN WILLIAMS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Susan M. Speer, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Steven Williams appeals from the denial of his petition for recall of sentence under Proposition 36, the Three Strikes Reform Act of 2012 (Pen. Code, §1170.126).[1]  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2005, Williams was convicted of arson of an inhabited structure (§ 451, subd. (b)).  Because Williams had two prior serious or violent felony convictions, he was sentenced under the "Three Strikes" law to 35 years to life in prison.[2]

On September 5, 2014, Williams filed a petition for recall of sentence seeking relief under Proposition 36.  In addition to requesting resentencing, he argued that his "current sentence was enhanced" due to his "priors from a prior plea agreement."  Because those priors occurred before the enactment of the Three Strikes law, he would not have entered into the plea had he known the priors could be used to enhance his current sentence.  He also contended that his sentence violated the ex post facto clauses of the United States and California Constitutions and violated *People v. Vargas* (2014) 59 Cal.4th 635, which held that two prior convictions arising out of a single criminal act cannot constitute two strikes.

The trial court appointed counsel to represent Williams.  Williams filed a *Marsden*[3] motion, but the record does not show it was ruled on.

On January 5, 2015, the trial court denied the petition with prejudice, finding Williams ineligible for resentencing because his current conviction for arson is a serious felony (§ 1192.7, subd. (c)(14)).  The court dismissed without prejudice Williams's contention under *People v. Vargas, supra,* 59 Cal.4th 635, and instructed him to submit it in a separate petition for writ of habeas corpus.

---

[1]    All further undesignated statutory references are to the Penal Code.

[2]    We affirmed his conviction in *People v. Williams* (Sept. 29, 2008, B198413, B201346) [nonpub. opn.].

[3]    *People v. Marsden* (1970) 2 Cal.3d 118.

## DISCUSSION

After review of the record, appellant's court-appointed counsel filed an opening brief which raised no issues and which asked this court to conduct an independent review of the record, under *People v. Wende* (1979) 25 Cal.3d 436, 441. By letter dated March 19, 2015, we advised appellant that he had 30 days to submit by brief or letter any contentions or argument he wished this court to consider. Williams submitted an untimely letter brief, which we allowed him to file on May 1, 2015.

Williams's letter brief raises the same argument made in the trial court; namely, "the use of prior plea bargains, that occurred prior to the enactment of the Three Strikes law" cannot "be utilized as strikes." He also appears to argue that, under *Descamps v. United States* (2013) 570 U.S. __ [133 S.Ct. 2276] (*Descamps*), he was entitled to a jury trial on the issue of whether his conviction was serious or violent.

A contention under *Descamps* was neither raised in the petition for recall nor considered by the trial court. In any event, *Descamps* held that a finding under the federal Armed Career Criminal Act that a prior conviction was for "a violent felony" may not be based on facts underlying the prior conviction when the elements of the prior conviction were broader than the elements of that crime as generically or commonly understood. (*Descamps, supra,* 133 S.Ct. at pp. 2281-2282; see also *People v. Wilson* (2013) 219 Cal.App.4th 500, 515.) *Descamps* has thus been interpreted as calling into question the scope of the prior conviction exception, stated in *Apprendi v. New Jersey* (2000) 530 U.S. 466. (*Wilson,* at pp. 515-516.) But, while *Descamps* may affect *sentence enhancing* provisions, it does not affect an *ameliorative* provision such as section 1170.126, which can only decrease a defendant's sentence. (*People v. Manning* (2014) 226 Cal.App.4th 1133, 1141, fn. 3; see also *People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279, 1304-1305.)[4]

---

[4] To the extent Williams relies on *Descamps* to argue he was entitled to a jury trial on whether his prior convictions were serious or violent felonies for the purposes of the Three Strikes law, that issue was not the proper subject of a petition for recall of sentence. Nothing in this opinion precludes Williams from raising that issue in an appropriate manner.

Under section 1170.126, subdivision (e)(1), an inmate is eligible for resentencing if he is serving a term for "a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7." Williams's current conviction for arson is a serious felony. (§ 1192.7, subd. (c)(14).) He is therefore ineligible for resentencing under Proposition 36.

Williams also could be sentenced as a third striker, even if the prior convictions on which his third strike sentence was based, predated enactment of the Three Strikes law. (See *Doe v. Harris* (2013) 57 Cal.4th 64, 73-74 ["as a general rule" "requiring the parties' compliance with changes in the law made retroactive to them does not violate the terms of the plea agreement, nor does the failure of a plea agreement to reference the possibility the law might change translate into an implied promise the defendant will be unaffected by a change in the statutory consequences attending his or her conviction"]; *People v. Gipson* (2004) 117 Cal.App.4th 1065 [applying a retroactive change in recidivism sentencing under the Three Strikes law even though the defendant's plea agreement was under prior law].)

Finally, utilizing prior convictions to sentence under the Three Strikes law does not violate due process and ex post facto considerations. (See, e.g., *People v. Gray* (1998) 66 Cal.App.4th 973, 995; *People v. Brady* (1995) 34 Cal.App.4th 65, 71-72.)

Williams was not precluded from raising any claim under *People v. Vargas, supra,* 59 Cal.4th 635; the trial court instead instructed him to file a petition for habeas corpus.

We have examined the record and are satisfied appellate attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*People v. Kelly* (2006) 40 Cal.4th 106, 126; *People v. Wende, supra,* 25 Cal.3d at p. 441.)

4

**DISPOSITION**

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ALDRICH, J.

We concur:

EDMON, P. J.

KITCHING, J.