Filed 9/15/16  P. v. Green CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CLAUDELL GREEN,<br><br>    Defendant and Appellant. | B267736<br><br>(Los Angeles County<br>Super. Ct. No. VA031149) |

APPEAL from an order of the Superior Court of Los Angeles County, Michael A. Cowell, Judge.  Affirmed.

Thien Huong Tran, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

## FACTUAL AND PROCEDURAL BACKGROUND

In 1995, defendant Claudell Green and at least one accomplice robbed two banks. After leaving the scene of the second robbery, Green carjacked a vehicle. A jury subsequently convicted Green of three counts of second degree robbery (Pen. Code, § 211; counts 1, 2, and 5), two counts of possession of an assault weapon (*id*., § 12280, subd. (b); counts 3 and 7),[1] and one count of carjacking (*id*., § 215, subd. (a); count 6). The jury found true as to counts 1, 2, and 6 that Green personally used a firearm and, as to count 5, that a principal was armed with a firearm.[2] The trial court found Green had two prior serious felony convictions, requiring sentencing under Penal Code section 667, subdivision (a)(1), and the Three Strikes law (*id*., §§ 667, subds. (b)-(i), 1170.12).

Thereafter, through a series of five appeals, we repeatedly remanded this matter to the trial court for *Marsden*[3] hearings and for resentencing. (*People v. Green* (Feb. 17, 2004, B167175) [nonpub. opn.].) As a result of our most recent remand, on April 22, 2004, the trial court sentenced Green to an aggregate term of 94 years to life as a third strike offender on three counts of robbery, one count of carjacking and related firearm-use enhancements.

On September 29, 2015, Green filed a motion to dismiss his 1982 prior strike convictions for two counts of robbery in Los Angeles Superior Court case No. A455280.[4] Green claimed the trial court's use of the prior convictions to enhance his sentence under

---

[1]  We subsequently reversed the convictions in counts 3 and 7 for possession of an assault weapon due to insufficiency of the evidence. (See *People v. Green* (Mar. 12, 1997, B096234) [nonpub. opn.].)

[2]  The jury actually found a principal was armed with an automatic weapon under Penal Code section 12022, subdivision (a)(2), but the finding was subsequently reduced to the one-year enhancement for a principal armed with a firearm under Penal Code section 12022, subdivision (a)(1). (See *People v. Green* (Mar. 13, 2002, B147249) [nonpub. opn.].)

[3]  *People v. Marsden* (1070) 2 Cal.3d 118.

[4]  The robberies occurred when Green, armed with a shotgun, ordered two victims from their car and robbed them on June 14, 1982. (*People v. Green*, *supra*, B096234.)

the Three Strikes law in that case violated the ex post facto provisions of the state and federal Constitutions.  The trial court summarily denied the motion "as without merit."

Green filed a timely notice of appeal.

## DISCUSSION

We appointed counsel to represent Green on appeal.  After examination of the record, counsel filed an opening brief in which no issues were raised.  On April 29, 2016, we advised Green he had 30 days within which to personally submit any contentions or issues he wished us to consider.  On May 16, 2016, we received an 11-page typed supplemental brief in which Green asserted the use of his two 1982 robbery convictions to sentence him under the Three Strikes law violated the plea agreement in case No. A455280 in which he was sentenced to concurrent terms on those counts.  Green maintains the concurrent sentence meant his two robbery convictions could no longer be considered as separate strikes.

In his motion to dismiss and supplemental brief, Green is challenging whether he was appropriately sentenced as a third strike offender.  These issues are not properly before us.  They either should have been or were raised in Green's direct appeal, which has been fully resolved, or in his petition for writ of habeas corpus, which has been denied.  In any event, Green's contentions are without merit.  Whether a prior conviction qualifies as a strike depends on whether, at the time of the conviction for the past offense, the past offense qualified as a serious or violent felony under Penal Code sections 667.5, subdivision (c )(9), and 1192.7, subdivision (c).  (*People v. James* (2001) 91 Cal.App.4th 1147, 1150.)

Here, Green's convictions for second degree robbery qualify as serious felonies under Penal Code section 1192.7, subdivision (c)(19).  Thus, these prior convictions could be used to enhance Green's sentence.  Further, given that the enhanced sentence is due to Green's status as a repeat offender, the sentence does not violate state and federal ex post facto and due process provisions.  (See *People v. Brady* (1995) 34 Cal.App.4th 65, 71-72; see also *People v. Gray* (1998) 66 Cal.App.4th 973, 995; *People v. Reed*

3

(1995) 33 Cal.App.4th 1608, 1610-1612.)  Additionally, we know of no authority precluding prior robbery convictions involving two victims, for which concurrent sentences were imposed, from being used as separate strikes in a subsequent proceeding.

Accordingly, we have examined the record and are satisfied Green's appellate attorney has complied with the responsibilities of counsel and that there are no arguable issues.  (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

**DISPOSITION**

The order is affirmed.


GARNETT, J.[*]


We concur:



ZELON, Acting P. J.



SEGAL, J.


---

[*]      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.