[No. A024648. First Dist., Div. Two. May 16, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
THESOLONIA BAKER, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to rules 976 and 976.1, California Rules of Court, this opinion is certified for publication, with the exception of parts II through V.

COUNSEL

Howard J. Spector, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Thomas A. Brady and Jeffrey M. Bryant, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

ROUSE, J.—Defendant Thesolonia Baker appeals from a judgment of conviction following his no contest plea to a charge of forcible rape, in violation of Penal Code section 261, subdivision (2).[1] He was sentenced to state prison for the total term of eighteen years, consisting of the upper term of eight years for the current rape and a five-year enhancement for each of the prior rapes.

We confine our discussion of the facts to those which are necessarily involved in the resolution of issues raised on appeal.

I.

Defendant contends that the trial court erred in basing two consecutive five-year sentence enhancements upon the fact that in a single 1980

---

[1]Unless otherwise indicated, all statutory references are to the Penal Code.

criminal action, defendant was convicted of two counts of forcible rape. He asserts that section 667.6, subdivision (a), which provides that a person who is convicted of a violent sexual offense must receive a five-year sentence enhancement for each prior conviction of a violent sexual offense, should be interpreted to preclude the court from imposing more than one such five-year enhancement unless the defendant was previously convicted of two or more violent sexual offenses on charges which were *brought and tried separately.* He claims that where, as here, a defendant sustained two or more prior convictions of violent sexual offenses in a *single* criminal action, those prior convictions justify the imposition of only one five-year sentence enhancement.

Defendant relies upon two arguments in support of his proposed construction of section 667.6, subdivision (a): (1) since "the various enhancement statutes form a unified whole intended to be internally consistent," section 667.6, subdivision (a), should be accorded the same interpretation as section 667, subdivision (a), which imposes a five-year sentence enhancement upon any person convicted of a serious felony who has previously been convicted of such a felony; and (2) defendant's right to equal protection of the laws would be violated if section 667.6, subdivision (a), were accorded a different construction than section 667, subdivision (a). Neither of these arguments is persuasive.

In pertinent part, section 667.6, subdivision (a), provides that any person who is found guilty of forcible rape (or of certain other specified violent sexual offenses) and "who has been convicted previously of any such offense shall receive a five-year enhancement *for each such prior conviction*" (unless such prior offense or offenses occurred over 10 years earlier and the defendant had since remained free of both prison custody and the commission of an offense resulting in a felony conviction). (Italics supplied.)

Section 667, subdivision (a), provides, in pertinent part, that any person convicted of a serious felony who previously has been convicted of a serious felony shall receive "a five-year enhancement for each such prior conviction on *charges brought and tried separately.*" (Italics added.)

Section 667.6 was enacted by the Legislature in 1979 (Stats. 1979, ch. 944, § 10) and section 667 was included in an initiative measure (Prop. 8) adopted by the electorate two and one-half years later, in 1982. It is apparent from a reading of the italicized language of each statute that there is a significant difference between the two provisions. Section 667.6, subdivision (a), mandates a five-year sentence enhancement for each "prior conviction" of a violent sexual offense, whereas section 667, subdivision (a),

mandates a five-year enhancement for a prior serious felony conviction only where it was based upon charges "brought and tried separately."

Defendant's position appears to be that because both statutes impose sentence enhancements for prior criminal behavior, they should be identical in their application regardless of the fact that the language of the two provisions is markedly dissimilar. In effect, he is asking this court to rewrite the clear language of a statute enacted by the Legislature in 1979 (§ 667.6) so as to render it consistent with another statute adopted by initiative two and one-half years later (§ 667). It is inappropriate for this court to engage in such judicial legislation. We agree with the appellate court in *Holder* v. *Superior Court* (1969) 269 Cal.App.2d 314, 317 [74 Cal.Rptr. 853], which held that "Clear statutory language no more needs to be interpreted than pure water needs to be strained."

In this instance, section 667.6, subdivision (a), is devoid of ambiguity and imposes a five-year enhancement for each "prior conviction" of a violent sexual offense. The statute contains no requirement that any such prior conviction or convictions be based upon charges separately brought and tried, although such a requirement was certainly not a new concept at the time of the enactment of section 667.6. Former section 644, which dealt with habitual criminals, contained such language from 1927 until its repeal, operative July 1, 1977. (See Stats. 1927, ch. 634, § 1, p. 1066, Stats. 1976, ch. 1139, § 261.5, p. 5136.) The fact that the Legislature included no such language when it enacted section 667.6 in 1979 must be viewed as a deliberate omission indicating "a different intention which may not be supplanted in the process of judicial construction." (*Kaiser Steel Corp.* v. *County of Solano* (1979) 90 Cal.App.3d 662, 667 [153 Cal.Rptr. 546].) Stated differently, the Legislature could have limited the application of that statute in the manner advocated by defendant, but chose not to do so.

■■■ We find no merit in defendant's claim that a violation of the constitutional guarantee of the equal protection of the laws will necessarily occur unless sections 667.6, subdivision (a), and 667, subdivision (a), are applied in the identical manner in order to insure that persons previously convicted of violent sexual offenses are accorded exactly the same treatment as persons previously convicted of serious felonies. ■■■ The following language from *People* v. *Karsai* (1982) 131 Cal.App.3d 224, 243-244 [182 Cal.Rptr. 406], is controlling here: "The basic rule of equal protection is that those persons similarly situated with respect to the legitimate purpose of the law must receive like treatment. [Citation.] It is in this regard that defendant's argument must be rejected. He has chosen too broad a class for equal protection analysis. Defendant is not merely a person convicted of a violent offense; he is a person convicted of multiple violent sex offenses

with multiple prior convictions of the same type. Violent sex offenses differ from other types of offenses in many ways, including the reasons and motive of the criminal, the outrage and harm to the victim, and the potential for danger to the victim and society in general. These differences compel different treatment. We conclude that violent sex offenders are not similarly situated with other offenders and thus may be treated differently. [Citation.]"

We conclude that the imposition of a five-year sentence enhancement for each of defendant's prior forcible rape convictions was entirely proper and involved neither an erroneous interpretation of section 667.6, subdivision (a), nor a violation of defendant's right to the equal protection of the laws.

## II.*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

The judgment of conviction is affirmed; however, for reasons unrelated to the portion of this opinion which we have ordered certified for publication, the case is remanded to the trial court for the limited purpose of holding a new sentencing hearing in order to redetermine the sentence to be imposed for the current rape conviction and to state the reasons for such sentencing choice.

Kline, P. J., and Smith, J., concurred.

---

*See footnote, *ante,* page 58.