[No. D024711. Fourth Dist., Div. One. Jan. 4, 1996.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF IMPERIAL COUNTY, Respondent;
JOSE AREVALOS, Real Party in Interest.

## COUNSEL

Gilbert G. Otero, District Attorney, and Albert J. Hackworth, Deputy District Attorney, for Petitioner.

No appearance for Respondent.

Plourd & Breeze and John W. Breeze for Real Party in Interest.

## OPINION

HUFFMAN, J.—On the motion of real party in interest, defendant Jose Arevalos, respondent superior court struck a "second strike" allegation (Pen. Code,[1] § 667, subds. (b)-(i); Stats. 1994, ch. 12, §§ 1-2). The People petition for writ relief, contending that there is no requirement that strike prior convictions be based on charges "brought and tried separately." We agree.

### FACTUAL AND PROCEDURAL BACKGROUND

The complaint charged Arevalos with battery by a prisoner (§ 4501.5) and two strikes: March 3, 1994, convictions under sections 664 and 187, erroneously referred to as second degree murder convictions.[2] At the August 15, 1995, preliminary hearing, the People presented a certified copy of an abstract of judgment showing Arevalos had been convicted on March 3, 1994, of two counts of attempted murder. The People moved to amend the complaint to allege that the strikes were attempted first degree murder[3] rather than second degree murder convictions, but the magistrate never ruled on this motion. However, Arevalos objected to the introduction of the abstract on the ground it varied from the complaint, and the magistrate overruled the objection and admitted the abstract into evidence. The magistrate bound Arevalos over and found the strikes had been proven.

The information filed on August 29, 1995, alleged two strikes arising out of two March 3, 1994, attempted murder convictions. Arevalos was arraigned, pleaded not guilty, and denied the strike allegations. He filed a motion to set aside the information and/or strike the strike allegations on the grounds that the People had not pleaded and proven the prior convictions in the municipal court and that the charges underlying the strikes had not been

---

[1]All statutory references are to the Penal Code.

[2]Arevalos apparently began serving a 10-year sentence on the prior convictions in March 1994. The alleged battery occurred on January 28, 1995.

[3]The abstract shows that the convictions were for attempted second degree murder.

brought and tried separately. The People opposed the motion. After a September 22, 1995, hearing, the court struck the second strike. It subsequently denied the People's motion for reconsideration.

On October 25, 1995, we issued a stay and an order to show cause. The 60-day speedy trial period specified in section 1382, subdivision (a)(2) ran on October 30.

## DISCUSSION

The People contend that there is no requirement that strike prior convictions be based on charges brought and tried separately.[4]

Preliminarily, Arevalos requests that we forbear from ruling on the petition, claiming that our stay order deprives him of his right to a speedy trial and that even if the People prevail, he will be forced to stand trial in violation of his speedy trial rights under section 1382. We disagree. Our decision to issue an order to show cause and our subsequent determination that the trial court erred imports a conclusion that there was good cause for the delay. *People* v. *Kerwin* (1972) 23 Cal.App.3d 466 [100 Cal.Rptr. 240], on which Arevalos relies, is distinguishable as "a comedy of errors committed by various functionaries of the state [which] irretrievably delayed the processing of a People's appeal." (*People* v. *Hathaway* (1972) 27 Cal.App.3d 586, 589 [103 Cal.Rptr. 638].) ■ "Courts have held that the prosecution's seeking of interlocutory review of an adverse order generally constitutes a valid reason justifying appropriate delay of trial. . . ." (*People* v. *Hernandez* (1985) 166 Cal.App.3d Supp. 1, 7, fn. 3 [212 Cal.Rptr. 563].)

We note that the trial court should not have reached the brought and tried separately issue on Arevalos's section 995 motion as the People were not required to prove the prior convictions at the preliminary hearing. (*Miranda* v. *Superior Court* (1995) 38 Cal.App.4th 902 [45 Cal.Rptr.2d 498].) Nevertheless, we address the merits of the People's contention concerning the validity of the prior convictions for the trial court's guidance.

■ " ' "We begin with the fundamental rule that our primary task [in construing a statute] is to determine the lawmakers' intent. [Citation.] . . . To determine intent, ' "The court turns first to the words themselves for the answer." ' [Citations.] 'If the language is clear and unambiguous there is no

---

[4]They also assert that the court acted in excess of its jurisdiction in dismissing an enhancement, a matter outside its discretion. They cite two cases in which review has been granted and which concerned dismissals in furtherance of justice under section 1385, a circumstance not present in the instant case. Accordingly, we need not address this issue.

need for construction, nor is it necessary to resort to indicia of the intent of the [lawmakers] . . . .' " ' [Citation.] 'Words used in a statute . . . should be given the meaning they bear in ordinary use.' [Citation.] 'We are not prohibited "from determining whether the literal meaning of a statute comports with its purpose or whether such a construction of one provision is consistent with other provisions of the statute. The meaning of a statute may not be determined from a single word or sentence; the words must be construed in context, and provisions relating to the same subject matter must be harmonized to the extent possible. [Citation.] Literal construction should not prevail if it is contrary to the legislative intent apparent in the [statute.]" ' [Citation.] 'The intent prevails over the letter, and the letter will, if possible, be so read as to conform to the spirit of the act. [Citations.] An interpretation that renders related provisions nugatory must be avoided [citation]; each sentence must be read not in isolation but in light of the statutory scheme [citation] . . . .' " (*People* v. *Ramirez* (1995) 33 Cal.App.4th 559, 563 [39 Cal.Rptr.2d 374].) "The rule of the common law, that penal statutes are to be strictly construed, has no application to this code. All its provisions are to be construed according to the fair import of their terms, with a view to effect its objects and to promote justice." (§ 4.)

Section 667, subdivision (a)(1), which is not part of the "three strikes" law, states: "In compliance with subdivision (b) of Section 1385, any person convicted of a serious felony who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively."

Section 667, subdivision (b) provides: "It is the intent of the Legislature in enacting subdivisions (b) to (i), inclusive, to ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of serious and/or violent felony offenses."

■ Arevalos asserts that section 667, subdivision (a)'s brought and tried separately requirement applies to the three strikes law. A review of cases construing section 667 and similar statutes compels the rejection of this argument.

In *People* v. *Baker* (1985) 169 Cal.App.3d 58 [215 Cal.Rptr. 293], the defendant contended that the court erred in basing two 5-year enhancements under section 667.6, subdivision (a) on a single prior criminal action in

which he had been convicted of two counts of forcible rape. (169 Cal.App.3d at pp. 60-61.) The appellate court rejected his argument that the trial court was precluded from imposing two such enhancements when the prior charges were not brought and tried separately as required by section 667, subdivision (a). (169 Cal.App.3d at p. 61; accord, *People* v. *Lewis* (1987) 191 Cal.App.3d 1288, 1301 [237 Cal.Rptr. 64].) The Court of Appeal noted that section 667.6, subdivision (a) specified an enhancement for each "prior conviction" of a violent sexual offense, while section 667, subdivision (a) specified an enhancement only for a prior serious felony conviction based on charges brought and tried separately. (*People* v. *Baker, supra*, 169 Cal.App.3d at pp. 61-62.) The reviewing court stated:

"Defendant's position appears to be that because both statutes impose sentence enhancements for prior criminal behavior, they should be identical in their application regardless of the fact that the language of the two provisions is markedly dissimilar. In effect, he is asking this court to rewrite the clear language of a statute enacted by the Legislature in 1979 (§ 667.6) so as to render it consistent with another statute adopted by initiative two and one-half years later (§ 667). It is inappropriate for this court to engage in such judicial legislation. We agree with the appellate court in *Holder* v. *Superior Court* (1969) 269 Cal.App.2d 314, 317. . . which held that 'Clear statutory language no more needs to be interpreted than pure water needs to be strained.'

"In this instance, section 667.6, subdivision (a), is devoid of ambiguity and imposes a five-year enhancement for each 'prior conviction' of a violent sexual offense. The statute contains no requirement that any such prior conviction or convictions be based upon charges separately brought and tried, although such a requirement was certainly not a new concept at the time of the enactment of section 667.6. Former section 644, which dealt with habitual criminals, contained such language from 1927 until its repeal, operative July 1, 1977. (See Stats. 1927, ch. 634, § 1, p. 1066, Stats. 1976, ch. 1139, § 261.5, p. 5136.) The fact that the Legislature included no such language when it enacted section 667.6 in 1979 must be viewed as a deliberate omission indicating 'a different intention which may not be supplanted in the process of judicial construction.' (*Kaiser Steel Corp.* v. *County of Solano* (1979) 90 Cal.App.3d 662, 667 . . . .) Stated differently, the Legislature could have limited the application of that statute in the manner advocated by defendant, but chose not to do so." (*People* v. *Baker, supra*, 169 Cal.App.3d at p. 62.)

In *In re Harris* (1989) 49 Cal.3d 131 [260 Cal.Rptr. 288, 775 P.2d 1057], the court noted that the brought and tried separately phrase in section 667,

subdivision (a) derived from former section 644. Section 644 pertained to "prior felony convictions 'upon charges separately brought and tried' " when the defendant had " 'served separate terms therefor' in prison." (*In re Harris, supra,* 49 Cal.3d at p. 136.) The version of section 667, subdivision (b) then in effect, however, expressly stated that " '[t]here is no requirement of prior incarceration or commitment for this section to apply.' " (*In re Harris, supra,* at p. 135, fn. 3.) The court concluded: "Under the rules of statutory construction the phrase in section 667 should be presumed to carry the same meaning as the phrase in former section 644. Generally, the drafters who frame an initiative statute and the voters who enact it may be deemed to be aware of the judicial construction of the law that served as its source. (Cf. *In re Lance W.* (1985) 37 Cal.3d 873, 890 . . . [stating that 'The adopting body is presumed to be aware of existing laws and judicial construction thereof'].) In this case, the drafters of section 667 used a phrase that was virtually identical to that which appeared in former section 644, and used it without redefinition or qualification either express or implied. Had they intended the phrase to carry a different meaning, we believe they would have made their intention plain. Although the drafters evidently did not desire to introduce into section 667 the requirement of former section 644 that the defendant must have served separate prison terms for his prior felony convictions, they made no substantive change in the phrase in question. (See generally *People v. Weidert* (1985) 39 Cal.3d 836, 845-846 . . . ['Where the language of a[n initiative] statute uses terms that have been judicially construed, " 'the presumption is almost irresistible' " that the terms have been used " 'in the precise and technical sense which had been placed upon them by the courts.' " '][.])" (*In re Harris, supra,* 49 Cal.3d at p. 136.)

As in the construction of section 667.6, subdivision (a) in *People v. Baker, supra,* 169 Cal.App.3d at page 62, section 667, subdivision (b) "is devoid of ambiguity" and "contains no requirement that any such prior conviction or convictions be based upon charges separately brought and tried." As in *In re Harris, supra,* 49 Cal.3d at page 136, had the drafters of the three strikes law intended to include the separately brought and tried requirement, they would have made their intention plain. They did so in section 667, subdivision (c)(6), where they imposed an analogous restriction concerning current convictions. That subdivision states: "If there is a current conviction for more than one felony count not committed on the same occasion, and not arising from the same set of operative facts, the court shall sentence the defendant consecutively on each count pursuant to subdivision (e)." A comparison of the three strikes law with section 667, subdivision (a)(1) makes it clear that the Legislature was aware of the brought and tried separately language (cf. *People v. Brady* (1995) 34 Cal.App.4th 65, 70 [40 Cal.Rptr.2d 207]) and deliberately omitted it from that law.

Moreover, there is no brought and tried separately language in section 667, subdivision (d) which reads in part:

"Notwithstanding any other law and for the purposes of subdivisions (b) to (i), inclusive, a prior conviction of a felony shall be defined as:

"(1) Any offense defined in subdivision (c) of Section 667.5 as a violent felony or any offense defined in subdivision (c) of Section 1192.7 as a serious felony in this state. The determination of whether a prior conviction is a prior felony conviction for purposes of subdivisions (b) to (i), inclusive, shall be made upon the date of that prior conviction and is not affected by the sentence imposed unless the sentence automatically, upon the initial sentencing, converts the felony to a misdemeanor. . . .

". . . . . . . . . . . . . . . . . . . . . . . . .

"(2) A conviction in another jurisdiction for an offense that, if committed in California, is punishable by imprisonment in the state prison. A prior conviction of a particular felony shall include a conviction in another jurisdiction for an offense that includes all of the elements of the particular felony as defined in subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7."

Section 667, subdivision (d) itself explicitly indicates a result contrary to that reached by the trial court here by defining relevant prior felony convictions "[n]otwithstanding any other law." Section 667, subdivision (f)(1) similarly provides in pertinent part: "Notwithstanding any other law, subdivisions (b) to (i), inclusive, shall be applied in every case in which a defendant has a prior felony conviction as defined in subdivision (d)." Moreover, section 667, subdivision (a)(2) states in pertinent part: "This subdivision shall not be applied when the punishment imposed under other provisions of law would result in a longer term of imprisonment." The three strikes law consistently refers to "subdivisions (b) through (i), inclusive," without reference to subdivision (a).

Thus, subdivision (a) stands apart from the remaining subdivisions of section 667. Underscoring this point is the virtual identity of section 667, subdivisions (b) through (i) and section 1170.12, engendered by the initiative measure Proposition 184 and containing no brought and tried separately language. Finally, Arevalos's claim that subdivisions (d) and (e) incorporate subdivision (a)'s brought and tried separately requirement is based on convoluted reasoning and patently without merit.

We conclude that the brought and tried separately phrase in section 667, subdivision (a) does not control the remaining subdivisions of the statute

comprising the three strikes law. The fact that Arevalos's prior convictions were adjudicated in a single proceeding does not mean that they constitute one prior conviction; two strikes can arise from one case. "This interpretation comports with the express legislative intent stated for the enactment of the new 'three strikes' law since the inclusion of all [qualifying prior convictions, whether brought and tried separately or not,] will help ensure 'longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of serious and/or violent felony offenses.' (§ 667, subd. (b).)" (*People* v. *Brady, supra,* 34 Cal.App.4th at p. 71.)

### DISPOSITION

Let a writ of mandate issue directing the trial court to vacate its orders striking the second strike allegation and denying the People's motion for reconsideration and to reinstate the second strike allegation. The stay issued October 25, 1995, is vacated.

Work, Acting P. J., and Benke, J., concurred.

The petition of the real party in interest for review by the Supreme Court was denied March 21, 1996. Mosk, J., was of the opinion that the petition should be granted.