Filed 9/9/13  P. v. Superior Court CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF SOLANO COUNTY,<br><br>    Respondent;<br><br>DOMINGO MONTAR,<br><br>    Real Party in Interest. | A139482<br><br>(Solano County<br>Super. Ct. No. FCR 298052) |

In this case we reverse the trial court's order suppressing the evidence derived from a nonconsensual, warrantless blood draw.  The police acted in compliance with binding precedent and with a good faith belief that their actions were consistent with applicable law, despite the fact that the Supreme Court subsequently ruled that the elimination of alcohol from the blood does not constitute a per se emergency excusing the requirement to obtain a search warrant.

INTRODUCTION

Real Party Domingo Montar is charged by information with violating Vehicle Code section 23152, subdivisions (a) and (b) (driving under the influence and driving with a blood alcohol level of .08 percent or more).  He is also charged with three prior driving under the influence convictions and a high blood alcohol enhancement.

1

Montar was stopped on September 9, 2012 for driving on the wrong side of the road, driving erratically, and almost running over a police officer. During the traffic stop the officer concluded that Montar was under the influence of alcohol based, in part, on the observation that Montar's face was relaxed, he was unable or refused to follow commands, he was staggering, and his breath smelled of alcohol. Furthermore, his eyes were bloodshot and watery and his speech was slurred.

Montar refused to submit to any field sobriety or chemical tests. A nonconsensual blood draw was completed. The police did not obtain a warrant for the blood draw, relying on their policy permitting the seizure of blood evidence because, otherwise, that evidence would "lessen in the defendant's system over time."

Montar moved, pursuant to Penal Code section 1538.5, to suppress the blood sample taken from him, as well as the observations of and statements stemming from the forcible blood draw and any related evidence. On July 16, 2013 the superior court granted Montar's motion to suppress ruling that, in light of *Missouri v. McNeely* (2013) 133 S.Ct. 1552 (*McNeely*), there were no exigent circumstances to justify the forcible, warrantless blood draw.[1] At that hearing Montar, who is in custody, withdrew his time waiver, making September 16, 2013 his speedy trial deadline. The court set September 4, 2013 as his trial date.

On August 15, 2013 the People filed the instant writ petition seeking an order compelling the trial court to vacate its order suppressing the blood draw and to issue a new order denying Montar's motion to suppress. On August 22, 2013 we temporarily stayed the trial, requested informal briefing, and gave notice pursuant to *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 180 that, if appropriate, we might issue a peremptory writ in the first instance.

We have reviewed Montar's opposition to the petition, which, in part, requests that we deny the People's stay request to avoid violating his right to a speedy trial. Although

---

[1] *McNeely* was decided April 17, 2013. The arrest and blood draw at issue here took place on September 9, 2012. Thus, any application of *McNeely* to this case would necessarily be retroactive.

there is case law supporting the view that an appellate court's reversal of a trial court's order at the request of the prosecution constitutes good cause for delay of the trial (*People v. Superior Court (Arevalos)* (1996) 41 Cal.App.4th 908, 911), we are concerned that the prosecution did not promptly seek a writ petition challenging the trial court's order[2] and petitioner remains incarcerated.  The deadline for the prosecution to submit a reply to the opposition has not yet passed.  However, because we are granting the relief sought by the prosecution, there is no reason to delay issuing our decision.

DISCUSSION

## I.  BECAUSE THE "GOOD FAITH" EXCEPTION APPLIES, THE EVIDENCE CONCERNING THE BLOOD DRAW SHOULD NOT BE EXCLUDED PURSUANT TO *McNEELY*.

Until *McNeely* was decided, the leading United States Supreme Court case concerning nonconsensual blood draws was *Schmerber v. California* (1966) 384 U.S. 757.  In determining that the forcible blood draw at issue in *Schmerber* did not violate the Fourth Amendment, the Court examined "the context of [the] arrest . . . ."  (*Id*. at 768.) The Court reasoned that because of the body's natural elimination of alcohol from the system, an arresting officer could reasonably conclude that the delay involved in seeking a warrant might result in the destruction of evidence.  (*Id*. at 770-771.)  California courts routinely applied *Schmerber* and, absent special circumstances, permitted a warrantless compulsory blood draw where "the procedure (1) is done in a reasonable, medically approved manner, (2) is incident to a lawful arrest, and (3) is based upon reasonable belief the arrestee is intoxicated.  [Citations.]"  (*People v. Ford* (1992) 4 Cal.App.4th 32, 35-36 (*Ford*).)

*McNeely* held that the natural metabolic elimination of alcohol from the blood does not per se constitute emergency justifying a warrantless, forcible blood draw. (*McNeely, supra,* 133 S.Ct. at p. 1568.)

---

[2] Although not prompt, the prosecution's petition was timely.  (Penal Code § 1538.5, subd. (o).)

Montar contends that *McNeely* should be retroactively applied to this case because *McNeely* does not articulate a new procedural rule. He contends that both *Schmerber* (which considered the context of the arrest) and *McNeely* utilize the same "totality of the circumstances" analysis to determine whether an exigent circumstance is created by the body's metabolism of alcohol. (*McNeely, supra*, 133 S.Ct. at pp. 1559-1563.)

To resolve this case, however, we need not determine whether the *McNeely* holding that the elimination of alcohol from the blood does not constitute a per se exigent circumstance justifying a warrantless blood draw is a new procedural rule of law. Regardless, the police conduct here fell within the "good faith" exception to the exclusionary rule. (See *United States v. Leon* (1984) 468 U.S. 897.)

Prior to *McNeely*, California courts—using a "totality of the circumstances" analysis—regularly allowed warrantless blood draws where the factors outlined in *Ford, supra* were satisfied. Montar cites three California appellate cases as examples of different totality-of-the-circumstances approaches applied to specific blood testing situations: *People v. Trotman* (1989) 214 Cal.App.3d 430 (*Trotman*), *People v. Wilson* (2003) 114 Cal.App.4th 953 (*Wilson*), and *People v. Fiscalini* (1991) 228 Cal.App.3d 1639 (*Fiscalini*). None of these cases, however, suggests that the appropriate analysis in this case leads to the conclusion that the nonconsensual warrantless search was impermissible.

*Trotman* begins its analysis with the same factors identified in *Ford* and then examines how the passage of Proposition 8 affected that analysis.[3] Taking into account Proposition 8, the *Trotman* court relaxed the requirements identified in *Ford*, holding that the formal arrest of a defendant suspected of drunk driving was not a prerequisite to a warrantless nonconsensual blood draw. (*Trotman, supra,* 214 Cal.App.3d at p. 435.) In *Wilson,* this Division determined that there was no constitutional violation where a warrantless nonconsensual blood test was taken after the defendant had submitted to a

---

[3] Proposition 8 provided that, subject to particular exceptions, no relevant evidence shall be excluded from a criminal proceeding unless the exclusion is compelled by the United States Constitution. (*Trotman, supra,* 214 Cal.App.3d at p. 435.)

preliminary alcohol screening test. Of the cited cases, only *Fiscalini* held that the nonconsensual blood sample obtained without a warrant had to be suppressed. The reasoning of the *Fiscalini* court, however, turned on the fact that Fiscalini had already voluntarily given a urine sample. No analogous fact exists in the instant case.

In short, Montar identifies no California case law which suggests that, in the circumstances of his arrest, a warrantless nonconsensual blood draw was not permissible. Binding appellate precedent specifically authorized the officers' actions here. Thus, despite the change in the law, the police acted reasonably. (See *Davis v. United States* (2011) 131 S.Ct. 2419, 2429.) Because they acted reasonably, no "appreciable deterrence" (*id*. at 2426) would result from the application of the exclusionary rule in this case and the evidence related to the blood draw should not be suppressed.

CONCLUSION

Here the People's entitlement to relief is obvious; furthermore, in order to avoid creating a Speedy Trial Act issue, an immediate decision is required. (See *Ng v. Superior Court* (1992) 4 Cal.4th 29, 35; see also *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1261.) We therefore order the superior court to vacate its July 16, 2013 order granting real party's motion to suppress evidence in *People v. Domingo Chavez-Montar*, Solano County Superior Court, No. FCR 298052, and to issue a new and different order denying that motion. The August 22, 2013 stay we issued is dissolved. Our decision is final as to this court immediately. (Cal. Rules of Court, rule 8.490(b)(3).)

In addition to filing and serving this decision by mail, the clerk of this court is directed to notify the parties and respondent superior court of this decision immediately either via facsimile or telephone.

5

 

                                         _____

                                         Pollak, J.

We concur:

_____

McGuiness, P. J.

_____

Siggins, J.